ANN TRACY ET AL. v. JOHN MURRAY AND HENRY LINE, EXECUTORS, CORNELIUS C. NEWKIRK ET AL.

[See 44 Mich. 109.]

*Wills—Construction—Sale by executors.*

A will, after making gifts which exhausted the estate, contained the provision "I appoint John Murray and Henry Line as executors to sell

and dispose of all my estate, and carry out the provisions of my last will and testament according to the provisions therein named." It was necessary to sell the real estate to pay the legacies. *Held* that the executors were not bound to obtain a probate license before selling.

Wills are usually informal, and the question of construction is not so much what words are actually used as what was intended by them; the law favors testamentary arrangements, and when they contravene no rule of law they should be fairly interpreted and enforced according to their real intent.

A testator's lawful power to control the disposition of his estate through his executors is not made dependent on probate supervision.

Appeal from St. Joseph.    Submitted June 21.    Decided June 27.

Bill to cancel deed.    Complainants appeal.    Affirmed.

*Severens, Tryon & Ranney* for complainants.

*H. H. Riley* and *Charles Upson* for defendants.    Where a will gives certain legacies and directs the executors to pay all debts and said legacies, and finally appoints specified executors "to sell and dispose of all my estate, and carry out the provisions of this my last will and testament, according to provisions therein named," it gives ample authority to the executors to sell and convey the real estate of the deceased: 2 Spence's Eq. Jur. 366 ; 1 Sedg. on Powers 130–4; 2 Perry on Trusts §§ 764, 766; 4 Kent's Com. 320, 323, 326, 328 ; *Forbes v. Peacock* 11 Sim. 151–160 ; but it is not necessary that there should be a specific authority given to the trustee to enable him to sell if a sale is necessary to the due execution of the trust ; it will always be inferred that the testator means to give to the persons directed or empowered every power which is necessary for his declared purpose: 2 Spence's Eq. J. 367, n. b.; 1 Williams' Ex'rs 540 ; *Gosling v. Carter* 1 Coll. 648–9 ; *Barker v. Duke of Devonshire* 3 Meriv. 311 ; *Shaw v. Borrer* 1 Keen 559 ; *Bergen v. Bennett* 1 Caines' Cas. 16 ; *Franklin v. Osgood* 14 Johns. 527 ; *Jackson v. Ferris* 15 Johns. 346 ; *Dorland v. Dorland* 2 Barb. 63 ; *Jackson v. Veeder* 11

Johns. 169; *Schermerhorne v. Schermerhorne* 6 Johns. Ch. 70; *Zebach v. Smith* 3 Binn. 69; *Taylor v. Morris* 1 Comst. 341; if the testator directs his estate to be sold for certain purposes, without declaring by whom the sale shall be made, in the absence of such declaration, if the fund be distributable by the executors, they will have by implication a power to sell: 2 Spence's Eq. J. 367; 1 Sedg. on Powers 139, 167; *Barrington v. Att'y Gen'l* 1 Hardres' Rep. 419; *Mackintosh v. Barber* 1 Bing. 50; *Bentham v. Wiltshire* 4 Mad. 30; *Tylden v. Hyde* 2 Sim. & S. 238; *Wood v. White* 4 Myl. & Craig 460, 481; *Curtis v. Fulbrook* 8 Hare 25; *Mandlebaum v. McDonell* 29 Mich. 78; 2 Redf. Wills 124 n. 8; *Bogert v. Hertell* 4 Hill 500; when the will specifically authorizes the executors to sell and dispose of all testator's estate, and pay from the proceeds thereof all his debts and the legacies specified in the will, the will authorizes them to sell without any license from the court of probate: 1 Sedg. on Powers 130–135; 2 Perry on Trusts §§ 764, 770; Comp. L. § 4174, subd. 2; *Battelle v. Parks* 2 Mich. 531; *Haddon v. Hemingway* 39 Mich, 615; *Cheever v. Washtenaw Circuit Judge* 45 Mich. 10; this power conferred by the will is a power in trust which the executors are compelled to execute, and which chancery would compel them to execute for the benefit of the creditors and legatees: Comp. L. §§ 4163, 4124, 4164, 4171; 1 Perry on Trusts §§ 248, 473; *Curtis v. Fulbrook* 8 Hare 25; Willard's Eq. Jurisp. pp. 486, 487.

COOLEY, J. The two questions in this case are, whether under the will of Eleazer Tracy the executors had power to sell the real estate without license of the probate court, and if so, whether they have been guilty of fraud in their attempted exercise of the power.

The will after making gifts which embraced the whole estate contained the following provision: " I appoint John Murray and Henry Line as executors to sell and dispose of all my estate, and carry out the provisions of my last will and testament according to the provisions therein named."

Nothing else in the will purports to qualify in any manner this general power, and it is conceded that a sale of the real estate was necessary to the payment of debts and legacies.

It will be noticed that the power of sale is conferred upon Murray and Line "as executors." Some importance appears to be attached by complainants to this fact. Executors in general act under the direction and supervision of the court of probate, and are not allowed to make sales of real estate except on presentation of reasons to the satisfaction of that court, and after procuring its license. If therefore a particular trust is to be performed by the parties empowered "as executors," an inference, more or less strong according to the circumstances, may arise that they are to perform it only under the guidance and supervision of the court to which executors are responsible. And as we understand counsel it is their view that the policy of the State favors this probate control, and that doubtful provisions in wills must be construed in the light of that policy. So construed, it is claimed that the will in this case would not permit of a sale by the executors without a probate license.

We do not think much importance is to be attached to the fact that the donees of the power are called executors. Wills are informal instruments commonly, and the question arising upon them is not so much what words have been made use of as what was intended by them. And we do not think there is any policy of the State which restricts the power of control which one may exercise over his estate, in favor of probate supervision. Clearly the words of a will are not to be given an unnatural interpretation on any supposition that the testator confided less in the judgment and fidelity of his chosen executors than in the person who might chance to be judge of probate at some future time when his estates might need to be sold. The law of this State favors testamentary arrangements; and when they contravene no rule of law, they should be fairly interpreted and enforced according to their real intent.

The power to make sale was conferred by this will in most ample terms, on persons selected by the testator him-

self, and without qualification.    Its exercise must therefore be upheld unless there has been fraud.    We find no proof of any fraud.

The decree must be affirmed with costs

The other Justices concurred.