CORNELIUS C. NEWKIRK v. SEYMOUR A. TRACEY, ALBERT H. TRACEY, AND ANN TRACEY.

*Summary proceedings to recover possession of land—Not available, as against heirs in possession of testator's land, prior to Act 198, Public Acts 1881 —Nor would action of trespass lie for such holding under How. Stat. § 8306—This section, being penal in its nature, can have no retroactive effect—Demand of possession by purchaser from executors under power of sale in will, made prior to September 10, 1881, when act 198 took effect, cannot be made a basis for a recovery under section 8306—Possession by heirs prior to sale by executors being rightful, a demand for possession by the purchaser was necessary before right of action would accrue under section 8306 for damages sustained after such sale.*

May 19, 1877, defendants' testator died, being the owner of certain real estate, of which defendants, as his widow and heirs, took peaceable possession.

March 18, 1880, his executors conveyed the land, under a power of sale contained in the will, to the plaintiff, who demanded possession of defendants on the twenty-sixth day of the same month, which was refused.

November 30, 1880, defendants filed a bill to set aside the executors' deed, the validity of which was affirmed, June 27, 1882, in the case of *Tracy v. Murray*, reported in 49 Mich. 35.

March 27, 1882, plaintiff commenced summary proceedings before a commissioner to obtain possession of the land under How. Stat. § 8295, and obtained restitution of the premises, August 1, 1882.

December 11, 1883, plaintiff commenced the present action of trespass under How. Stat. § 8306, and recovered a judgment. No notice to quit or demand of possession was given, except as stated.

*Held*, that prior to the passage of Act 198, Session Laws of 1881, extending the remedy by summary proceedings to cases where heirs continue in possession of premises sold for the payment of debts, such proceedings would not lie against defendants, nor would they be liable under How. Stat. § 8306, for damages arising prior to September 10, 1881, when Act 198 took effect; and that section 8306, being penal in its nature, can have no retroactive effect.

*Held*, further, that as defendants were holding possession under a claim of right, while the validity of the executors' deed was an open and controverted question, such holding could not, under any circumstances, be made a wrongful one, and subject to penal consequences, by any act of theirs prior to the amendment of 1881 taking effect.

*Held*, further, that the demand of possession of date March 26, 1880, could not be made the basis of a recovery under a statute not then in existence; that there was no forcible entry or detainer of the premises by defendants prior to the sale by the executors, they having a right to use and occupy the land; and as such entry or detainer is not shown by the record after such sale, a notice to quit, or demand of possession, was necessary before a right of action in trespass would accrue for damages sustained after such sale.

Error to St. Joseph. (Pealer, J.) Argued April 7, 1886. Decided April 29, 1886.

Trespass. Defendants bring error. Reversed, and new trial denied. The facts are stated in the opinion and head-note.

*Henry F. Severens*, for appellants:

Defendants being rightfully in possession at date of executors' deed, such peaceable possession continued until August 1, 1882, and an action of trespass at common law could not have been sustained against them. This action is claimed to be sustained by the summary-proceedings act, as amended by Act 198, Public Laws of 1881, which took effect September 10 of that year. Prior to that date no law of this State afforded this remedy in cases like defendants', and no original cause of action accrued to the plaintiff under the amended act.

The claim of plaintiff that the amendment of 1881, by extending the operation of the summary-proceedings act to cases of detention of land by heirs and devisees after conveyance by an executor, also, by implication, inflated section 24 of the act (How. Stat. § 8306) so as to attach its penalties on such a detention, and then, by retroaction, render defendants liable upon facts and circumstances transpiring before the amendment took effect, is untenable. The statute is prospective only, and there are several well recognized principles that lead to this conclusion, the first of which is the general one embodied in the maxim "*nova constitutio futuris formam imponere debet, non praeteritis*:" Broom's Maxims, 34; *Harrison v. Metz*, 17 Mich. 381; *Clark v. Hall*, 19 Id. 373;

*Smith v. Auditor General,* 20 Id. 405–6 ; *Auditor General v. Supervisors,* 36 Id. 76 ; *Wohlscheid v. Bergrath,* 46 Id. 49 ; *Maxwell v. Bay City Bridge Co.,* Id. 287 ; *Van Fleet v. Van Fleet,* 49 Id. 613.

Statutes attaching penalties are strictly construed, and are not to be extended by implication : *Shepard v. Gates,* 50 Mich, 496–99 ; and it is also an established rule that remedial statutes are to be more liberally, and penal more strictly, construed ; and this distinction applies. also to statutes of a mixed kind, containing both remedial and penal provisions, the former of which will be construed with more indulgence than the latter : 1 Steph. Com. 73 ; *Platt v. Sheriffs of London,* 1 Plowd, 36 ; *Howser v. Melcher,* 40 Mich. 185 ; and though a statute purely remedial will sometimes be applied to existing causes, it will never be so applied when the effect will be to enlarge or impair the rights and liabilities of parties.

It follows that, in a case where the facts do not bring it within the scope of this section of the statute, the plaintiff is remitted to his common-law action of assumpsit for use and occupation : *Hogsett v. Ellis,* 17 Mich. 370 ; *Howser v. Melcher,* 40 Id. 186–9 ; *Hitchcock v. Pratt,* 51 Id. 263–272.

*John B. Shipman* and *S. N. Gurney,* for plaintiff :

On the demand of possession made March 26, 1880, plaintiff was entitled to the possession of the premises, and the same were thereafter wrongfully withheld from him, and he could have maintained ejectment therefor.  Act 198, Public Acts of 1881, extending the detainer statute to this class of cases, conferred no new right to the land upon the plaintiff, or a different one than the law before gave him, and imposed no additional burden or duty in regard to it upon defendants. It simply gave a new and more speedy remedy than before existed for the wrong.  It did not change the character of defendants' estate in the premises.  They entered as privies in blood of the testator, holding subject to the power of sale in his will, and were estopped from asserting an adverse or different interest.  When this power was exercised their right ceased, and the act in no way or degree changed the tenure of their holding.  Statutes giving a new remedy for an old wrong are not objectionable : *Whipple v. Farrar,* 3 Mich. 446 ; *Merrill v. President, etc., of Village of Kalamazoo,* 35 Id. 211–220.  But the judgment in the detainer suit leaves this no longer an open question.  It is conclusive.

The amendment included the right to recover damages

while out of possession, as provided by How. Stat. § 8306; *Conrad v. Nall*, 24 Mich. 276–8.

After ejectment, most of the damages claimed could be recovered under a suggestion for mesne profits, and probably in a common-law action of trespass. Treble damages are not involved : Wood's L. & T. 18, 982–3 ; 2 Waterman, Tres. 585–601 ; *Conway v. Starkweather*, 1 Den. 114; 1 Chitty, Pld. (16th ed.) *215–220, and cases in notes.

MORSE, J.   The plaintiff sued the defendants in the circuit court for the county of St. Joseph, in trespass, for the use and value of occupation of certain premises alleged to have been wrongfully held by them after the same were sold and conveyed to plaintiff by the executors of one Eleazer Tracey, and claiming in his declaration treble damages under section 8306, How. Stat.

The plaintiff recovered single damages to the amount of $743, which the jury assessed in detail as follows : Expenses in obtaining restitution, $135 ; preparing land for crops and seed sowed in 1880, $95 ; loss of use of land to September 10, 1881, $1,220 ; loss of same land from September 10, 1881, to August 1, 1882, $680 ; total $2,130.   From which total they deducted $1,387 for crops raised by defendants, but obtained by plaintiff as hereinafter stated, and taxes paid by defendants for the years 1880 and 1881.

This special finding in detail was asked by plaintiff's counsel to meet the claim of defendants' counsel, who denied the right of plaintiff to recover for expenses in getting restitution of the land, and who claimed—

"1. That the action of trespass could not be maintained at all.

"2. That damages in any event could not be recovered back of September 10, 1881, the date at which the law authorizing the bringing of the action in like cases took effect."

The defendants bring error.

The undisputed facts in the record show that the said Eleazer Tracey died May 19, 1877, owning the land described in plaintiff's declaration and leaving a will empowering his

executors to sell it. The defendants are his widow and heirs, who took possession of the premises and cropped them for about five years.

March 18, 1880, the executors sold and conveyed the land to the plaintiff, and March 26, 1880, he demanded the possession of the premises. The defendants refused to surrender such possession, and denied the plaintiff's right to the premises, and November 30, 1880, filed a bill in chancery to set aside the executors' deed. The validity of the deed was affirmed in this Court, June 27, 1882.[1]

At the date of such executors' deed there was a crop of wheat growing on the land, which had been put in by the defendants in the fall of 1879, and which, at maturity, they harvested.

Plaintiff replevied it, and in February, 1883, the suit was tried in the circuit court, and judgment for the value of the wheat, $1,875, rendered for the defendants.

In the spring of 1880, the plaintiff went upon the premises and sowed some oats and clover-seed, but was unable to retain possession, and lost his work.

The defendants planted and harvested some corn, the most of which the plaintiff replevied. In the fall of the same year the defendants put in another crop of wheat, which they harvested in 1881. The plaintiff also replevied this. The defendants sowed wheat again in the fall of 1881, and harvested the same in 1882, but the plaintiff got possession of the crop, and retained it.

March 27, 1882, the plaintiff commenced summary proceedings before a circuit court commissioner to obtain possession of the land under section 6706 of Compiled Laws of 1871, as amended by Act 198 of 1881 (How. Stat. § 8295), and on appeal to the circuit court recovered a judgment against the defendants, July 19, 1882, under which he obtained possession of the premises, August 1, 1882.

In March, 1883, while these replevin suits were pending between the parties, besides other litigation, and the plaint-

---

[1] *Tracy v. Murray,* 49 Mich. 35.

iff was designing to take the first replevin suit to the Supreme Court, negotiations were entered into looking towards a settlement of the controversies. These negotiations were conducted mostly in writing, between John B. Shipman, counsel for plaintiff, and H. F. Severens, attorney for defendants.

In July of the same year a settlement was reached. The writ of error, which had been taken out in the first case, was dismissed, and plaintiff paid the judgment in that suit. He kept the wheat and corn in the other two replevin suits, and stipulations were filed in each, July 12, 1883, entering judgments in favor of the plaintiff against defendants.

The defendants' counsel claims that the plaintiff, under the evidence, was not entitled to bring trespass, as the defendants were rightfully and peaceably in possession until the date of the judgment in restitution; that the plaintiff could only bring trespass under the provisions of the statute as amended in 1881, which did not take effect until September 10, 1881, and there being no notice to quit, or demand of possession, after September 10, 1881, no action could be maintained under the amended statute.

We are of the opinion that counsel is correct in this claim.

It must be admitted that, without the statutes referred to, the action of trespass would not lie. The plaintiff being out of possession, and the defendants having entered rightfully and peaceably in the first instance, and having retained their possession under such entry to the end, there was no foundation at common law for the present action; and the plaintiff's declaration is based upon the statutes, "section twenty-four of chapter two hundred and eleven of the Compiled Laws of 1871 of this State, and the amendments thereof."

Prior to Act 198 of the Laws of 1881 there was no authority for summary proceedings in a case like the present, and therefore no warrant for an action of trespass, as the section authorizing the action refers in terms to the summary proceedings. The statute is as follows:

"§ 8306. Sec. 24.—The complainant obtaining restitution of any premises under the provisions of this chapter, shall be entitled to an action of trespass, or trespass on the

case, against the defendant, and may recover treble damages from the time of the forcible entry, or forcible detainer, or of the notice to quit, or demand of possession, as the case may be; and all other damages to which he may be entitled."

Previous to the tenth day of September, 1881, the day upon which the amendment took effect, the statutes authorizing summary proceedings to recover possession of lands did not include premises sold under executors' deeds, as against heirs or devisees in possession. At and after that date, such proceedings were authorized as follows:

"The person entitled to any premises may recover possession thereof in the manner hereinafter provided, in the following cases: *First,* * * *; *second,* * * *; *third,* * * * , or when any heir or devisee shall continue in possession of any premises sold and conveyed by any executor or administrator under license from the probate court, or under authority in the will, to pay the debts of the deceased testator or intestate." (How. Stat. § 8295.)

The statute (section 8306) authorizing the action of trespass must be considered as penal in its nature, and can have no retroactive effect. It follows, therefore, that the plaintiff could recover in this action no damages arising before the tenth day of September, 1881.

The inquiry, then, arises as to the plaintiff's right to recover damages suffered by the defendants holding possession after that date. It cannot be considered that there was any forcible entry or detainer of these premises. As before stated, the defendants' entry was peaceable, and they had the right of use and occupation until the land was sold by the executor. Nor does the evidence show any forcible detainer since the executors' sale. Therefore, under this statute, a notice to quit, or a demand of possession, was necessary before a right of action in trespass would accrue.

It is conceded that there was no such notice or demand after September 10, 1881. Can the demand of possession of date March 26, 1880, be made the basis of recovery under a statute not then in existence? We think not.

It must be considered, in this connection, that the defendants, as heirs of Eleazer Tracey, were holding these premises under a claim of right, and while the validity of the execu-

tors' deed to plaintiff was an open and controverted question, until the final decision in this Court of date June 27, 1882. This holding could not, under such circumstances, be made a wrongful one, and subject to penal consequences, by any act of the plaintiff or defendants taking place before the statute took effect, and not done in contemplation or with knowledge of it.

We are also clearly satisfied from the correspondence between the attorneys, and the acts of the parties, that all the matters embraced in this suit were settled in July, 1883, and the circuit judge should have so directed the jury as a matter of law.

The judgment of the court below will therefore be reversed, with the costs of both courts. There is no reason for a new trial, and none will be granted.

The other Justices concurred.