## TALCOT BATES ET AL. v. JOHN G. LEONARD.

*Will—Power—Construction.*

Where a husband devises all of his real estate to his wife, to be used for her support and maintenance during her natural life, and directs that, if the rents and profits arising therefrom shall prove insufficient for such support and maintenance, she may, under the direction of the judge of probate of the proper county, sell and convey so much of the land as shall be sufficient therefor, and that, if any of the real estate remains unsold at the death of the wife, it shall be divided equally among the testator's heirs, a sale by the widow without the direction of the judge of probate will be treated as void; citing *Richardson v. Crooker*, 7 Gray, 190; *Kissam v. Dierkes*, 49 N. Y. 602; *Powles v. Jordan*, 62 Md. 499.

Error to Macomb. (Vance, J., presiding.) Submitted on briefs January 4, 1894. Decided March 20, 1894.

Ejectment. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Crocker & Crocker* (*Eldredge & Spier,* of counsel), for appellant, contended:

1. The words in the will, "under the direction of the judge of probate of said county of Macomb," were evidently inserted with the idea that thereby authority would be vested in the probate court to license the sale. Such authority could not be created by the testator, and he could not impose upon the court the duty of directing or inquiring into the necessity of the sale; citing Cooley, Const. Lim. 398, and note; *McMahon v. Rauhr,* 47 N. Y. 67, 72; *Sheldon v. Newton,* 3 Ohio St. 494; *Wilmore v. Flack,* 96 N. Y. 512, 519; *Dicks v. Hatch,* 10 Iowa, 380; *Larned v. Bridge,* 17 Pick. 339; *Bamforth v. Bamforth,* 123 Mass. 280.

2. Catherine Bates, under the will, took a life-estate, with a power as an individual to convey the fee upon the happening of the contingency of the rents and profits of the realty being or becoming insufficient to support and maintain her. Upon the happening of this contingency she was empowered to sell sufficient to support and maintain her during her life. The validity of her conveyance depends, not upon the determination of any court or person, but upon the fact of insufficiency of the rents and profits to afford her a support; citing *Morford v. Dieffenbacker,* 54 Mich. 593; *McCarty v. Fish,* 87 Id. 48; *Larsen v. Johnson,* 78 Wis. 300.

*A. L. Canfield,* for plaintiffs.

MONTGOMERY, J. This is an action of ejectment to recover 40 acres of land in the township of Lenox, Macomb county. The plaintiffs are the heirs at law of Henry Bates, who died in October, 1865, leaving a will. By the terms of this will the real estate in question was devised as follows:

"To my beloved wife, Catherine, the land and appurtenances situated thereon [here follows a description], and all other real estate that I may die possessed of, to be

used for the support and maintenance of my said wife, Oath-
erine, during her natural life; and I do hereby order and
direct that, if the rents and profits of said lands and ap-
purtenances should not be sufficient for the support and
maintenance of my said wife, Oatherine, that my said wife,
Oatherine, may, under the direction of the judge of pro-
bate of said county of Macomb, dispose of, sell, and convey
so much of my real estate aforesaid as shall be sufficient
for the maintenance and support of the said Oatherine, my
wife, during her natural life, as aforesaid."

This was followed by a bequest of the personal property
to the wife, and the will concluded with the following
provision:

" I also order and direct, if there shall be any of my
real estate undisposed of and unsold at the death of my
said wife, Oatherine, the same shall be divided with my
lawful heirs and representatives, share and share alike."

After the death of Henry Bates, his widow lived on the
land up to the time of her marriage to defendant, Leonard,
which occurred in March, 1879, and she thereafter con-
tinued to live with him on the land until her death, which
occurred January 3, 1892. Notice to quit was served on
the defendant, Leonard, by the heirs, and he, claiming title,
refused to deliver up the premises; and this action was
instituted.

About a month prior to the marriage of defendant with
Mrs. Bates, she made a deed to him, reciting that the
rents and profits were not sufficient for her support and
maintenance, the conveyance being in consideration of the
sum of $1,500. There was no approval of the act by the
judge of probate of Macomb county. It appears by the
record that in 1878 an application was made to the judge
of the probate court of Macomb county for license to sell
the land in question, and an order was made reciting that—

" It appearing to the court that it has not, as such,
authority or power to authorize or license the sale of said
real estate, and no authority or power, as such, to make

any order directing any sale thereof in the premises, it is ordered, adjudged, and decreed by the court that said petition be, and the same is hereby, dismissed."

The defendant also offered testimony tending to show that the rents and profits of the land were insufficient for the support and maintenance of the widow.

The question presented is whether it was a valid execution of the power for the widow to convey the premises without any direction by the judge of probate of Macomb county.

It is insisted by the defendant that the direction of the probate judge is a mere formality in addition to those which would be sufficient by law to pass the title, and hence was a direction the observance of which was not necessary to a valid execution of the power to convey, and that it is the policy of the laws of this State to disregard such and like restrictions on the power to transfer. How. Stat. § 5635, is referred to, which provides that—

" When the grantor shall have directed any formalities to be used in the execution of a power, in addition to those which would be sufficient by law to pass the estate, the observance of such additional formalities shall not be necessary to a valid execution of the power."

The next section provides that—

" When the conditions annexed to a power are merely nominal, and evince no intention of actual benefit to the party to whom or in whose favor they are to be performed, they may be wholly disregarded in the execution of the power."

And section 5637 provides that,—

" With the exceptions contained in the preceding sections, the intentions of the grantor of a power, as to the mode, time, and conditions of its execution, shall be observed, subject to the power of a court of chancery to supply a defective execution in the cases hereinafter provided."

We think it would be contrary to the plain reading of

this will to hold that the provision with reference to the approval of the judge of probate is merely nominal. It is very evident that there was a purpose in authorizing the transfer only under the direction of the judge of probate. The power to sell was to convey so much, only, of the real estate, as would be sufficient for the maintenance and support of the wife during her natural life; and even if it be assumed that she was to be the sole judge of whether she could, without making any sale, sustain and support herself from the other property coming to her hands, it is very clear that it was not intended that she should determine what lands, and the amount of lands, she would be empowered, under these provisions, to sell. We think the provision was such a one as could not be disregarded, and that the sale without the direction of the probate judge must be treated as void. *Richardson v. Crooker,* 7 Gray, 190; *Kissam v. Dierkes,* 49 N. Y. 602; *Powles v. Jordan,* 62 Md. 499.

It is unnecessary to consider the other questions discussed. The circuit judge held that the provision of the will that the sale must be made under the direction of the judge of probate was a limitation on the power to sell, and was not intended to authorize the widow to sell in her discretion; that it was a check or special guard for the protection of the heirs, and the power could not be lawfully executed without a substantial compliance with this provision.

We think the circuit judge was right in thus holding, and the judgment will be affirmed, with costs.

The other Justices concurred.