BYRON GREEN v. FRANK G. RUSSELL.

*Will—Grant of power to executor—Authority of administrator with will annexed—Sale of real estate—"Satisfactory" title.*

1. A testatrix made specific bequests amounting to about $15,000. Her property consisted of a house and lot valued at $25,000, and an insignificant amount of personal property. The will directed the executor to pay, out of the first moneys received by him from any portion of the estate, the debts and funeral expenses of the testatrix, and vested in him full power to dispose of the real estate in fee simple, or for a term of years, or otherwise. The executor refused to accept the trust, and an administrator with the will annexed was appointed, who advertised and sold the house and lot under the power contained in the will. The purchaser paid a portion of the purchase money, and, under the advice of two lawyers of experience, refused to pay the remainder unless the administrator would obtain authority to sell under the order or decree of the probate court. On the refusal of the administrator to do this, the purchaser sued him to recover the money paid. And it is held that the trust was not one personal to the executor named in the will, but was properly executed by the administrator, under How. Stat. § 5840, which provides that such an administrator shall proceed in all things to execute the trust in the same manner as an executor would be required to do.

2. The receipt given for the down payment stated that the remainder of the purchase price was to be paid in 30 days, and that the amount receipted for was to be refunded in case the

title to the house and lot was not satisfactory. And it is held that the purchaser was justified in refusing to be satisfied with the title tendered, and in rescinding the sale, and bringing suit to recover the money paid.

Error to Wayne. (Frazer, J.) Argued January 9, 1895. Decided January 22, 1895.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*W. C. Harris* (*C. A. Kent,* of counsel), for appellant.

*John D. Conely,* for plaintiff.

GRANT, J. Louisa P. Roberts died testate January 26, 1892. The date of the will is not given in the record. It made many specific bequests, amounting in all to about $15,000. Her property consisted of the house and land where she lived, valued at $25,000. Her personal property was insignificant in amount. The will contained the following provisions, upon which arises the first question in the case:

"I direct that all my debts and funeral expenses be paid, as soon after my decease as possible, out of the first moneys that shall come into the hands of my executor from any portion of my estate, real or personal.

"I do hereby vest in my executor, hereinafter named, full power and authority to dispose of my real estate in fee simple, or for a term of years, or otherwise, in as full and large a manner as I could myself do, if living.".

"I desire that the sale of my house shall not be a forced one."

"I do hereby make and ordain Julien Elisha Winder, of Detroit, Wayne county, Michigan, executor of this, my last will and testament."

Mr. Winder declined to accept the executorship, and defendant was appointed administrator with the will annexed. He assumed that he had the same power of alienation, under this will and under the statute, that Mr. Winder

would have had. December 11, 1892, he advertised the property for sale. The terms were cash. The right to adjourn sale was reserved. The title was stated to be perfect, and a complete Burton abstract offered. Plaintiff bid the property in at the sale for $25,000. Two thousand dollars was paid down and a receipt given, the balance being payable in 30 days. The receipt contained the following:

"The said $2,000.00 to be refunded in case the title of said lot is not satisfactory."

Plaintiff took the advice of two lawyers of good standing and experience, who advised him that, in their opinion, defendant had no authority, under the will, to convey the title, and plaintiff offered to take the property if defendant would obtain authority to sell under the order or decree of the probate court. Defendant declined to do this. Plaintiff refused to pay the balance, and instituted this suit to recover the $2,000. The court directed a verdict for plaintiff.

1. Was the defendant, as administrator with the will annexed, authorized to sell the real estate without an order from the probate court? While there is no express mandate in the will to sell the property, we think it entirely clear that it authorized the sale, and that that sale should be made by the executor. The absolute title in fee was vested in him for that purpose, with as full power to sell as the testatrix herself had when living. She owned no other real estate. She spoke expressly of the sale of this land. While the amount of her personal property at the time of the execution of the will does not appear, yet we think it manifest that she intended that this real estate should and must be sold in order to pay the legacies. The only objection urged against this power is that it was a personal power or trust lodged in Mr. Winder independently of his power as executor. There is nothing in

this will to indicate any other or different trust and confidence than must be reposed in every executor chosen by the testator. Nor is there any other duty imposed upon him than that which must exist in every will which names an executor. The sole power conferred was to dispose of the property of the testatrix, pay the expenses of the administration, her debts and funeral expenses, and the legacies. It was necessary to sell all her property to accomplish that purpose. Whatever is left must be distributed among her heirs. He had no discretion reposed in him, and no funds placed in his hands to keep for the benefit of any one. Under these circumstances, the defendant may execute the trust and convey the land in the same manner as the executor named. To hold otherwise would be to negative the provisions of the statute, which expressly provides that such administrator "shall proceed in all things to execute the trust in the same manner as an executor would be required to do." How. Stat. § 5840. The statute, moreover, expressly provides that the word "executor" shall be construed to include an administrator with the will annexed. How. Stat. § 5823. The clear weight of authority supports this position. *Giberson v. Giberson*, 43 N. J. Eq. 116. In a valuable note to that case will be found collected the authorities on this subject, under two heads, viz., those where words have been held to confer a personal discretion, and those holding that no such discretion was imposed. Under the statute of New York, which is similar in language to our own, it was at first held that this power was personal. *Conklin v. Egerton*, 21 Wend. 430. The soundness of that decision was early questioned by Chancellor Walworth in *Egerton v. Conklin*, 25 Wend. 224. The decision was expressly overruled in *Mott v. Ackerman*, 92 N. Y. 539. See, also, *Venable v. Deposit Co.*, 74 Md. 187; *Bay v. Posner*, 78 Id.

103 MICH.— 41.

42; *Schroeder v. Wilcox*, 39 Neb. 136. The language of Chief Justice COOLEY in *Vernor v. Coville*, 54 Mich. 281, appears to cover this case. It follows that the court was in error in holding that this was a trust personal to the executor named.

2. Had the plaintiff the right to refuse to carry out the sale for the reason that the title was not satisfactory to him? This cannot now be determined against him upon the ground that this Court has decided in this case that the defendant possessed the power to convey. He acted reasonably, and not captiously. A large amount of money and valuable property were involved. The question had not been expressly decided by this Court. In *Bennett v. Chapin*, 77 Mich. 526, two Justices of this Court had held that the trust involved in that case was a personal one. It is true that the provisions of that will were different from those of this. But that decision, as well as others, was sufficient to justify him in refusing to be satisfied with the title. He was not obliged to incur the expense or run the risk of a lawsuit to determine the validity of the title to be conveyed. His conduct does not come within that maxim of the law which holds a man to be satisfied with that which he ought to be satisfied. He acted as any prudent and cautious man would act. He was therefore entitled to rescind the sale, and bring suit to recover his money. *Lord v. Stephens*, 1 Younge & C. Exch. 222. It is unnecessary to determine the effect of an arbitrary refusal where no doubt exists as to the title. As to this question, we express no opinion.

The judgment is affirmed.

The other Justices concurred.