DEXTER v. GORDON.

1. WILLS—CODICIL—CONSTRUCTION.
   A will devised and bequeathed all of testator's property to his wife for life, giving her absolute power to sell and convey any and all real estate in fee simple, using the proceeds thereof for her support and maintenance, and provided that all property undisposed of at her death should go to testator's son. A subsequent codicil revoked the bequest to the son, and "in lieu thereof" gave all the estate to the wife, "to her and for her use and benefit during her natural life," and after her death to be divided equally among testator's children. *Held*, that the will and codicil should be construed together, and that it was testator's intention simply to change the residuary provisions, and to leave unimpaired the provision for the wife contained in the will.

2. SAME—DECEDENT'S ESTATE—POWER TO CONVEY—STATUTES.
   Where a widow, empowered by the will of her husband to sell and convey real estate in fee simple for her own use and

benefit, conveyed the same to her son upon his promise to pay the debts of the estate and care for his mother during her life, 3 Comp. Laws, § 9087, providing that no license to sell real estate for the payment of debts shall be granted if any of the persons interested in the estate shall give bond conditioned for such payment, has no application.

Appeal from Livingston; Smith, J. Submitted February 4, 1904. (Docket No. 75.) Decided March 29, 1904.

Bill by Joseph A. Dexter against Celestine A. Gordon and others for the specific performance of a land contract. From a decree for complainant, defendant Gordon appeals. Affirmed.

*Louis E. Howlett*, for complainant.

*Noah W. Cheever* (*Shields & Shields*, of counsel), for appellant.

Hooker, J. The complainant, a son of Amos Dexter, deceased, filed the bill in this cause against his sisters, praying specific performance of a contract for premises formerly belonging to his father, but of which he has been in possession for 23 years under a claim of ownership. It is his claim that, for many years prior to his father's death, he remained at his parents' home, giving his services and earnings to the support of the family. Amos Dexter died March 26, 1879, leaving a will, which contained, among other provisions, the following:

"*Second.* I give, devise, and bequeath unto my wife, Lovisa Dexter, all my estate, real, personal, and mixed, to have and to hold the same to her, the said Lovisa Dexter, for and during the term of her natural life.

"*Third.* I authorize and empower my wife, Lovisa Dexter, at any time during her life, to grant, bargain, sell, and convey all or any of the lands or real estate of which I shall die seised and possessed, or to which I shall be entitled at the time of my decease, and all the right, title, interest, estate, claim, and demand whatsoever that

I have therein at the time of my decease, and every part and parcel thereof, at public auction or private sale, for cash or credit, or partly for cash and partly for credit, and in such parcels, and to such person or persons, and upon such consideration, as to her shall seem meet, and also to sign, seal, acknowledge, and deliver such conveyance and conveyances and assurances of the said premises unto such purchaser or purchasers, his, her, or their heirs and assigns, with such covenants and warranties as she shall deem requisite and necessary fully to vest the title in fee to such land or real estate in such purchaser or purchasers, and his, her, or their heirs and assigns, forever, hereby giving and intending to give to my said wife, Lovisa Dexter, the absolute power to sell and convey any and all of my real estate in fee simple absolute, and use the proceeds thereof for her support and maintenance, without let, molestation, or hindrance from any person whatsoever.

"*Fourth.* In case any of the lands and real estate of which I die seised and possessed, or to which I shall be entitled at the time of my decease, shall be undisposed of and unconveyed under the preceding power to convey granted to my said wife, then and in that case I devise and bequeath the residue and remainder of my real estate and lands, together with such personal property belonging to my estate as shall then remain after the death of my said wife, to my son, Joseph A. Dexter, to have and to hold the same to him, and his heirs and assigns, forever. (The true intent and purpose of this will being to secure to my said wife, Lovisa Dexter, her comfortable support and maintenance during her natural life, without molestation or hindrance from any one, and to devise and bequeath all the rest, residue, and remainder of my property and estate, real, personal, and mixed, to my son, Joseph A. Dexter, his heirs and assigns, forever.)

"*Fifth.* I nominate and appoint my son, Joseph A. Dexter, sole executor of this, my last will and testament."

This will was executed February 14, 1878, and attached to it was a codicil executed August 7, 1878. The following is a copy:

"*Whereas*, in my last will and testament, dated in March, 1878, or about that time, I gave, devised, and bequeathed to my wife, Lovisa Dexter, all my property and estate of which I shall die seised and possessed, to her and

for her use during the term of her natural life, and after her death that the same should go to my son, Joseph Dexter, to him and his heirs, forever: Now I hereby revoke said bequest to my son, Joseph Dexter, and in lieu and instead thereof it is my will, and I do hereby give, devise, and bequeath all my estate of which-I shall die seised and possessed to my wife, Lovisa Dexter, to her and for her use and benefit during her natural life, and after her death then my estate shall be divided equally between all my children who shall be living at the time of the death of my said wife, share and share alike, to them and their heirs, forever."

These instruments were not satisfactory to the complainant, who suggested that he might make a claim for compensation against the estate. His mother and sisters recognized the justice of the claim, and finally it was agreed that he should receive a deed of the estate, in consideration of his past services, upon his promise to pay the debts of the estate and care for his mother during her life. This arrangement was carried out under the direction of the probate judge, who advised that the will gave the widow authority to deed the property to complainant, and that it was unnecessary for the children to join in the deed. She made such deed, and complainant faithfully performed the contract, relying upon the sufficiency of his mother's deed. All of the sisters were made defendants, and all suffered the bill to be taken as confessed, except Celestine A. Gordon, who has taken this appeal. She answered, and filed a cross-bill, in which she claims her full share of the property. The court sustained the deed, and granted the relief prayed.

The testimony in the case shows that the complainant had performed services for his father under an understanding, shared by the family, that he was to have this property ultimately. The complainant not only alleges it, but it is shown by the testimony of his sisters, and their acquiescence in his claim, against which only Celestine A. Gordon objects. His father recognized it in his will, whereby he provides for his widow, with remainder (con-

tingent, it is true) to Joseph. But the codicil shows a change of feeling towards Joseph, and, unless it can be said that the power of alienation given to the widow in the will was not taken away by the codicil, the deed executed by the widow was void. Counsel for defendant claim that the codicil should be given that effect, but the trial court took a different view. He was of the opinion that the will was designed to give the widow the broadest power over the estate, and that the codicil was not designed to affect this power, but only to change the disposition of the residue of the estate, if there should be any, at the death of the widow.

If we consider this power limited, and say that her alienation of property must be with reference to her support, as in *Gadd* v. *Stoner*, 113 Mich. 689 (71 N. W. 1111), there is no difficulty in sustaining her conveyance, when we consider the small value of the property, and the claim of Joseph A. Dexter, with which the estate left by his father was fairly chargeable, if the codicil does not forbid. The evidence shows this alienation to have had for its object provision for the widow's maintenance and that of her incompetent daughter, who was dependent upon her, and was fairly within any reasonable intent to be imputed to the testator from his language. The codicil does not necessarily indicate a design to do more than change the residuary provisions. It refers to the will, and to the life estate therein provided, by way of recital, and then says:

"*Now I hereby revoke said bequest to my son, Joseph Dexter, and in lieu and instead thereof* [said bequest] I give, devise, and bequeath all my estate * * * to my wife, to her and for her use and *benefit* during her natural life,*" etc.

The authorities are uniform that the will and codicil should be construed together, and we think it a reasonable construction to conclude that the testator's intention was to leave unimpaired the provisions for the widow contained in the will. Were we not able to say this, we think the

testimony ample to sustain complainant's claim of a contract to which Celestine A. Gordon gave her assent. The statute cited, viz., 3 Comp. Laws, § 9087, has no application to the facts of this case.

The decree is affirmed, with costs.

MOORE, C. J., CARPENTER and MONTGOMERY, JJ., concurred. GRANT, J., took no part in the decision.