# OCTOBER TERM, 1913.*

CHAMBERLAIN *v.* HUSEL.

1. WILLS—LIFE ESTATES—USE OF ESTATE—PROBATE—ESTATES OF DECEDENTS.

Under a will leaving testator's entire estate to his wife for her use and benefit during her natural life, nominating her as his executrix with full power of alienation, at her death bequeathing to his next of kin the property, "or so much thereof as shall remain unexpended," the widow obtained the right to use from the body of the estate as her necessities required.

2. EXECUTORS AND ADMINISTRATORS — ESTATES OF DECEDENTS — BOND—STATUTES—WILLS.

The statutory requirement of a bond is mandatory on an executrix, so that a clause in decedent's will dispensing with such bond in favor of his widow was without force. 3 Comp. Laws, § 9311 (4 How. Stat. [2d Ed.] § 11027).

3. SAME—POWERS IN TRUST—WILLS.

Authority conferred by will to sell the estate without asking consent of the court, whether as executrix or legatee, is valid and effectual. Since the testator conferred the power to continue during her life it should be interpreted to give her authority to convey as his legatee.

4. SAME—CONSTRUCTION OF WILLS—LEGACIES.

After administration the widow will be given possession of the property to care for, sell, and convey as she chooses without asking permission from any court or without giving bond, subject only .to the limitation of acting in good faith.

Appeal from St. Clair; Tappan, J. Submitted October 16, 1912. (Docket No. 168.) Decided December 20, 1913.

---

* Continued from Vol. 177.

Bill by Nettie Chamberlain against Alma Husel for the construction of the will of Herbert G. Chamberlain, deceased. From a decree for complainant, defendant appeals. Affirmed.

*Hart & Pepper,* for complainant.

*Walsh & Walsh,* for defendant.

BIRD, J. The questions raised by this appeal relate to the construction which shall be placed upon the provisions of the last will and testament of Herbert G. Chamberlain, deceased. The value of the estate left by the testator is approximately $20,000 and consists of both real and personal property. The interested parties are the widow, who is the complainant, and the sister of the testator, who is the defendant. The will is as follows:

*"First.* After the payment of all my just debts, I give, devise and bequeath all the property that I may possess (both real and personal) to my wife, Nettie Chamberlain, for her use and benefit during her natural life. The real estate being more particularly described as the west half (½) of section No. nineteen (19) and of the east half (½) of the southwest quarter (¼) and lots three (3) and four (4) of section No. eighteen (18) both descriptions being in township No. 147 north range fifty-eight (58) west of fifth (5) principal meridian, in county of Griggs, State of North Dakota and containing four hundred eighty (480) acres (more or less) also the piece of land in the township of East China, St. Clair county, Michigan, containing about thirteen (13) acres occupied by myself as a homestead and at the death of my said wife, all of the property hereby devised or bequeathed to her as aforesaid, or so much thereof as may then remain unexpended, I give unto my next of kin as the laws of Michigan may provide.

*"Second.* I nominate and appoint my said wife, Nettie Chamberlain, executrix of this will and hereby give to her the full power and authority to sell and

convey any and all property of which I may die possessed, without applying to any court and so far as possible I release her from the giving of any bond as executrix."

Both sides to this controversy concede that the widow is given a life estate. The defendant contends that it is a life estate and nothing more. The complainant insists that annexed to the life estate is an absolute power of disposition and the right to consume any part of the corpus of the estate. The chancellor who heard the case concluded that the widow was entitled to a life use of the entire estate and that a life use carried with it the right "to sell such of the property, real and personal, as she may desire and to use the money thus obtained without accounting to any court therefor."

The testator made it very plain that he intended to give to his widow a life use of his entire property after the payment of debts and expenses of administration, but whether he intended to give her anything in addition thereto is involved in more or less doubt. In her behalf it is argued that the testator intended that she should have the right to use from the corpus of the estate if she chose or her needs demanded, and this argument is made to depend mainly on the words "or so much thereof as may then remain unexpended." The defendant meets this argument by attracting our attention to the fact that this language is made use of by testator in connection with his gift to his next of kin and not in connection with that part of the paragraph wherein he defined the interest which his widow should receive, and it is argued from this that, had he intended to give his widow anything in addition to a life estate, he would not have left it to depend on such meager and uncertain language. While we feel the force of this argument, we are inclined to agree with the chancellor that the testator intended that his widow should have the right to use from the

corpus of the estate. The case of *Gee* v. *Hasbrouck*, 128 Mich. 509 (87 N. W. 621), has been a strong factor in bringing us to this conclusion. In that case Hasbrouck, the testator, gave his widow a life use of his property and provided that whatever property reverted to his estate should be divided among his children. This language was construed as giving the widow the right to use from the corpus of the estate. If the right to use from the corpus of the estate can be found in this language, it follows that a like construction should be placed upon the words "or so much thereof as may then remain unexpended."

The attempt of the testator to relieve complainant from giving any bond in connection with her management of the estate has given rise to two questions:

(1) Should complainant be required to give a bond as executrix?

(2) Should she be required to give a bond to protect the remaindermen?

1. Section 9311, 3 Comp. Laws (4 How. Stat. [2d Ed.] § 11027), provides that:

"Every executor, before he shall enter upon the execution of his trust, and before letters testamentary shall issue, shall give bond to the judge of probate in such reasonable sum as he may direct, with one or more sufficient sureties, with conditions as follows:"

The language of this statute indicates that it was the legislative intent to make the giving of the bond mandatory, and we think it should be so construed. With this construction placed thereon, it follows that any attempt by a testator to relieve his executor from a compliance therewith would be of no avail.

2. The testator conferred upon his widow the power to sell and convey the estate without asking the consent of any court. Whether this power is conferred upon her as executrix or legatee is not made certain. In either event, however, the court will carry it into effect. *Tracy* v. *Murray*, 49 Mich. 35 (12 N. W. 900);

*King* v. *Merritt,* 67 Mich. 194 (34 N. W. 689) ; *Bates* v. *Leonard,* 99 Mich. 296 (58 N. W. 311) ; *Green* v. *Russell,* 103 Mich. 638 (61 N. W. 885) ; *Dexter* v. *Gordon,* 136 Mich. 235 (98 N. W. 1016) ; *Hull* v. *Hull,* 122 Mich. 338 (81 N. W. 89).

In view of the fact that the power is to continue during complainant's lifetime, we construe it as a power conferred upon her as legatee. After the estate is administered, the complainant will be entitled to the possession of it to care for, sell, and convey as she chooses, without asking permission from any court and without giving any bond, and the only limitation that will be imposed upon her management will be that of "good faith." *Gadd* v. *Stoner,* 113 Mich. 689 (71 N. W. 1111) ; *Farlin* v. *Sanborn,* 161 Mich. 615 (126 N. W. 634, 137 Am. St. Rep. 525).

It is urged that to prevent the estate from being wasted a bond should be given by complainant to protect the remaindermen. The answer to this argument is that, if the testator was willing to intrust the remainder of his estate after the debts were paid to her care and management without bond, no one else has any right to complain. The remaindermen took a vested interest in the estate, subject to this provision for the widow, and they have no cause for complaint nor any reason to be protected unless the complainant should, in the management of the estate, go beyond the "good-faith" limits.

The decree of the trial court will be affirmed, and the complainant will recover her costs in this court.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.