*In re* DOEBLER ESTATE

Docket No. 95381. Submitted December 14, 1987, at Detroit. Decided June 8, 1988.

Margaret L. Doebler died testate naming Norman Miller personal representative and granting him all the powers set forth in § 334 of the Revised Probate Code. Miller petitioned the Oakland County Probate Court for appointment as personal representative in supervised proceedings. The letter of authority appointing Miller personal representative and defining his powers granted him full power without restriction. Nothing in the record demonstrates that the estate was supervised. On behalf of the estate, Miller accepted two separate offers to purchase a parcel of real estate, each offer contingent upon probate court approval "as may be required." The purchasers under the first offer, Reza and Shahnaz Mohajer-Shojanee, brought an action in the Oakland Circuit Court for specific performance. The personal representative filed a motion for summary disposition alleging that probate court approval was a condition of the purchase agreement. The Mohajer-Shojanees argued that probate court approval was not required. The trial judge withheld a ruling until the probate court issued its determination as to whether probate court approval was required for the personal representative to sell assets from the estate. The probate court, John J. O'Brien, J., determined that the powers given the personal representative in the will were exercisable by the personal representative without probate court approval. The personal representative and the heirs-at-law appealed.

The Court of Appeals *held:*

1. The proceedings in the probate court were not supervised. A probate judge can transform an independent proceeding into a supervised proceeding only on a finding that it is necessary for the protection of persons interested in the estate to switch to a supervised estate. The court made no such finding.

2. An independent personal representative, unless restricted by the court, has the same power over title to property of the

REFERENCES
Am Jur 2d, Executors and Administrators §§ 4, 158 *et seq.*
See the Index to Annotations under Executors and Administrators.

estate that absolute owners have and may exercise the power without notice, hearing or order of the court.

3. Even if the proceedings had been supervised, the personal representative would have had the power to sell without the approval of the court because that power was given to him in the will.

Affirmed.

1. EXECUTORS AND ADMINISTRATORS — PERSONAL REPRESENTATIVES — REVISED PROBATE CODE.

An independent personal representative, unless restricted by the court, has the same power over title to property of the estate that absolute owners have and may exercise the power without notice, hearing or order of the court (MCL 700.331, 700.324; MSA 27.5331, 27.5334).

2. EXECUTORS AND ADMINISTRATORS — INDEPENDENT PROCEEDINGS — SUPERVISED PROCEEDINGS — REVISED PROBATE CODE.

A probate judge can transform an independent proceeding into a supervised proceeding only on a finding that it is necessary for the protection of persons interested in the estate to switch to a supervised estate (MCL 700.352; MSA 27.5352).

3. EXECUTORS AND ADMINISTRATORS — WILLS — PERSONAL REPRESENTATIVES — SUPERVISED PROCEEDINGS — REVISED PROBATE CODE.

When the power to sell property of the estate is given in a will, the personal representative, if authorized to execute the power, may proceed under the power without authorization of the court even where the proceedings are supervised (MCL 700.664; MSA 27.5664).

*Joseph N. Impastato,* for the heirs-at-law.

*James H. LoPrete,* for Reza and Shahnaz Mohajer-Shojanee.

*Hutson, Sawyer, Chapman & Reilly* (by *Ronald A. Chapman*), for personal representative Norman Miller.

Before: D. F. WALSH, P.J., and G. R. MCDONALD and P. NICOLICH,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Margaret Doebler executed her will on February 12, 1985, and died on May 12, 1985. On May 28, 1985, Norman Miller, the personal representative designated in the will, filed a petition for commencement of supervised proceedings. On July 2, 1985, the will was admitted to probate by the Oakland County Probate Court and on August 6, 1985, the probate court appointed Norman Miller the estate's personal representative.

On November 7, 1985, the personal representative filed an inventory listing, among other things, real estate in Troy, Michigan, with a state equalized valuation of $54,800, the subject of this action. Two offers of purchase were made and accepted by the personal representative, both "subject to probate court approval *as may be required,* to be obtained by seller as soon as reasonably possible." (Emphasis added.) On February 28, 1986, the personal representative signed an acceptance of an offer by Reza and Shahnaz Mohajer-Shojanee to purchase the property for $75,000. On April 19, 1986, the personal representative signed a second acceptance of an offer to purchase the Troy property by Beztak Properties for $256,000.

On May 8, 1986, the Mohajer-Shojanees instituted suit in Oakland Circuit Court for specific performance of the purchase agreement. The personal representative filed a motion for summary disposition alleging that probate court approval was a condition of the purchase agreement. The Mohajer-Shonajees argued that probate court approval was not required. The trial judge withheld a ruling until the probate court issued its determination as to whether probate court approval was required for the personal representative to sell assets from the estate. The probate judge determined that the powers given the personal repre-

sentative in the will, those enumerated under § 334 of the Michigan Revised Probate Code, MCL 700.334; MSA 27.5334, were exercisable by the personal representative without probate court approval. The personal representative and the heirs-at-law appeal the probate court decision. We affirm.

The estate and the heirs-at-law argue with slight variation the single theory that a supervised proceeding requires adherence to procedural requirements of notice to interested parties and probate court approval before real estate can be sold and, despite language to the contrary in a will, the representative cannot act as an independent personal representative.

The Mohajer-Shojanees argue that the will gave the personal representative power to sell the real estate, there was a written contract to sell to them, and no probate court approval was or is required to make the contract valid and binding on the parties. They assert the fact that in a supervised administration a personal representative may request the court to approve the sale of real estate does not in any way negate his power to sell it without court approval.

The question on appeal is whether the personal representative could sell the property without probate court approval, even though the petition is granted as "petition for commencement of proceedings—supervised."

The personal representative's power over the estate was stated in the seventh paragraph of the decedent's will as follows:

SEVENTH: I confirm that my Personal Representative shall have all the powers set forth in Section 334 of the Revised Probate Code, being Public Act 642 of Michigan, 1978, which I incorporate in

my Will as said Code exists on the day of my Will, except as other provisions of my Will specifically provide to the contrary. In the administration of my estate, my Personal Representative may exercise such powers and all of the other powers herein set forth.

As cited in decedent's will, the powers of an independent personal representative are enumerated in MCL 700.334; MSA 27.5334 which states, in pertinent part:

Except as restricted . . . by an order in a supervised proceeding, an independent personal representative acting reasonably for the benefit of the interested persons, may properly do any of the following:

\* \* \*

(f) Acquire or dispose of an asset, including land in this or another state . . . .

\* \* \*

(w) Sell . . . real . . . property of the estate . . . without security for unpaid balances unless the amount of the unpaid balance exceeds $500.00.

The probate code also states the power of an independent personal representative over title to property in MCL 700.331; MSA 27.5331:

Until termination of his or her appointment, *unless earlier restricted by order of the court,* an independent personal representative shall have the same power over the title to property of the estate that an absolute owner would have, in trust, however, for the benefit of interested persons. *The power may be exercised without notice, hearing, or order of the court.*

Pursuant to MCL 700.351; MSA 27.5351, the personal representative petitioned the probate

court to grant the estate supervised status. A probate judge can transform an independent proceeding into a supervised proceeding only on a finding that it is necessary for the protection of persons interested in the estate to switch to a supervised estate. MCL 700.352; MSA 27.5352. The probate court cannot restrict the powers of an independent personal representative unless specifically ordered. MCL 700.353(4); MSA 27.5353(4).

In the instant case, all the parties framed their arguments upon the assumption that, after the petition for supervised status was filed, this was a supervised estate. There is nothing in the record before this Court that supports that assumption.

There is no finding by the probate judge that the estate should be supervised for the protection of interested persons. There is no mention that the estate is supervised in the August 6, 1985, letter of authority appointing the personal representative and defining his powers. The letter of authority grants to the personal representative "full power and authority to take possession, collect, preserve, manage and dispose of all of the property of the estate . . . unless hereinafter limited." In the section of the letter entitled "restriction," only one word appears, "none." Nothing on the record demonstrates that this is a supervised estate.

It will be helpful to note here that, even if it could be shown that this was a supervised estate, probate court approval is not necessary before real property could be sold from the estate by the personal representative:

> When power to sell . . . property of the estate is given in a will, the fiduciary, if authorized to execute the power, may proceed under the power without authorization of the court, or may proceed under the provisions of this act. [MCL 700.664; MSA 27.5664.]

This approach supports the position drawn from Michigan common law as stated by Michigan Supreme Court Justice THOMAS M. COOLEY:

> And we do not think there is any policy of the State which restricts the power of control which one may exercise over his estate, in favor of probate supervision. Clearly the words of a will are not to be given an unnatural interpretation on any supposition that the testator confided less in the judgment and fidelity of his chosen executors than in the person who might chance to be judge of probate at some future time when his estates might need to be sold. The law of this State favors testamentary arrangements; and when they contravene no rule of law, they should be fairly interpreted and enforced according to their real intent. [*Tracy v Murray,* 49 Mich 35, 38; 12 NW 900 (1882).]

The decision of the probate court is affirmed.