## Cyrus Jones and others v. Thankful B. Jones.

*Construction of wills: General Intent.* In construing a will, the general intent, if it can be gathered from the whole instrument, will govern; and neither the usual sense of technical language nor the order of clauses, will be allowed to disappoint the apparent and real purpose of the testator.

*Will construed.* The will in this case was construed to confer upon the wife of the testator an absolute estate in all the real and personal property, subject to the payment of the debts and funeral, and administration expenses, although it contained a clause providing for a distribution, after the death of the wife, of the estate then remaining, one-fourth to each of the complainants, and the other fourth to be disposed of as the wife should see fit, which was construed simply as the expression of a wish as to the disposition of the unspent remainder of the estate at the death of the widow.

*Heard July 12. Decided October 8.*

Appeal in Chancery from Kent Circuit.

This bill was filed by Cyrus Jones, Lawrence E. Prindle, and The First Society of Spiritualists of Grand Rapids, Michigan, against Thankful B. Jones, to obtain a construction of the last will and testament of Ira Jones, deceased. The cause was heard on pleadings without proofs. The circuit judge decreed that the will conferred upon the defendant an absolute title to an undivided one-fourth part of all the estate, and a life estate only in the remaining three-fourths; that the complainants were each entitled to an undivided one-fourth part thereof, subject to a life estate therein of the defendant. From this decree the defendant appealed.

*Taggart & Simonds,* for complainants.

*D. Thompson* and *Ashley Pond,* for defendant.

GRAVES, J.

The decision of this case requires a construction of the will of Ira Jones. The will was made in August, 1870,

25 MICH.—51.

and the testator died in the following October. The defendant is his widow; and of the complainants, Jones was a brother, and Prindle a nephew of the testator, in the latter's life-time. The estate left consisted of a parcel of land of a little over four acres, with a house and barn upon it, of about the value of six thousand dollars, and a little over three hundred dollars in personal property. It does not appear that the testator left any children or grandchildren.

The will is very confused, and was evidently drawn by a person ignorant of the technical meaning of legal phrases, and inexpert in arranging and penning such instruments. In proceeding to construe it, we must adhere to the general intent, so far as it can be gathered; and neither the usual sense of technical language, nor the order of clauses, must be allowed to disappoint what we may find to have been the real purpose of the testator.

On reading the will, it is manifest that his leading object was, to make very ample provision for his wife, and that every thing else was merely subordinate and incidental.

The whole property to be disposed of, was not so large as to be absolutely disproportionate to her possible, if not probable, necessities, nor so large as to cause the gift of the whole of it to her to create any surprise in the mind of the most prudent, especially when there were no children or grandchildren to raise any claims upon the testator's bounty. The extent of his wife's future needs could not be nicely foretold, or even so accurately calculated as to make it tolerably certain in his mind that her wants might not require a large portion, if not the bulk, of the estate.

The instrument first provides for the payment of debts and funeral, and administration expenses, and then goes on in these absolute and emphatic terms:

"I give, devise, and bequeath my estate, real, personal,

and mixed, of every nature whatsoever, and wheresoever situated, to my beloved wife, Thankful B. Jones, to have, hold, use, and enjoy the same, as she may see fit, and in all respects the same as though it was hers absolutely and without any limitation or reversion, for and during her natural life."

A clause immediately follows, for an equal distribution of what should remain, among the parties to this cause, such distribution, however, to be deferred until after the death of Mrs. Jones. But this is succeeded by another, which bears upon, and complements, the first, and should be read in connection with it. The testator, seeming to think that the first provision as written was not as full, complete, and absolute as he desired, super-added the following:

"If my said wife shall desire to make sale of any of my said real estate, in her use and enjoyment of it during her life, it is my will and desire that she have, and I hereby give her, full power and authority to make such sale, and to give all necessary deeds of conveyance thereof, and to receive the consideration therefor, to be used as aforesaid by her during her life."

These clauses, taken together, seem intended to give unlimited power of conversion and disposition, and to authorize the widow to do with the property as with her own. The testator's idea, as he has conveyed it in these passages, of use and enjoyment of the property, included consumption of the substance; and we think it must be held, that an absolute property in the whole estate was given to the widow, unless the clause which refers to a remainder compels a different result.

That clause is as follows: "And after the death of my said wife, it is my will, that my estate, real, personal, and mixed, that shall remain, should be distributed in manner

following, to wit: one-fourth of it to my brother, Cyrus Jones; one-fourth of it to my nephew, Lawrence E. Prindle; one-fourth of it to The Society of Spiritualists of Grand Rapids, Kent county, Michigan, in whatever form they may be at the time of the distribution of said property; and the remaining one-fourth of said estate I desire that my said wife shall dispose of as she sees fit; the division, however, not to take place until after her death."

When we look at this clause in connection with the others, we observe that the forms of expression as to the disposition are different. This clause speaks of a distribution of some future remainder, or remnant, as though the testator had not in his mind the idea of a present positive gift. The other clauses, however, contain positive language, as though the testator was then giving. In both he says, " I give." There are some other peculiarities of phraseology which lead the same way. But, without dwelling upon verbal singularities, I think the apparent purpose to give an absolute, unconditional gift and power of disposition to his wife, who was the primary object of his care and solicitude, is not affected by the clause last quoted. If this clause should be considered as covering a gift of what should remain, it would be void, as inconsistent with the absolute estate, or *jus disponendi*, previously given.— *Pinckney v. Pinckney, 1 Brad. Sur. R., 269*, and authorities cited; *Hale v. Marsh, 100 Mass., 468*, and cases there cited. I think, however, the clause was not meant to cover a gift, but was intended simply as the expression of a wish by the testator as to the manner in which, and the parties to whom, the unspent remainder of his estate, if any, should be distributed. He evidently anticipated that his wife might not consume the whole; and he therefore recommended such disposal of it as he most favored.

The decree of the circuit court must be reversed, and a

decree entered in this court, declaring that the will of Ira Jones, in the pleadings mentioned, conferred upon the defendant, Thankful B. Jones, in the pleadings also mentioned, an absolute estate in all the real and personal property of which the said Ira Jones died seized and possessed, subject only to the payment of the debts and expenses in the said will mentioned; and further, that said defendant recover her costs of both courts.

The other Justices concurred.