IN THE MATTER OF THE ESTATE OF HUGH REID, DECEASED. AGNES GLOVER v. MARGARET O. REID AND WILLIAM GREENSHIELDS.

*Will—Construction—Life-estate—Jurisdiction of probate court—Certiorari.*

1. The probate court has jurisdiction to construe a will, such power being necessarily involved in the power to assign the estate of the testator on the settlement of the executor's account. *Patterson v. Stewart,* 38 Mich. 402; *Kelly v. Reynolds,* 39 Id. 464; *Langrick v. Gospel,* 48 Id. 185.

2. Under a will bequeathing to the testator's wife all the estate of which he died seised or possessed, "to and for her own use and benefit and disposal, for and during the term of her natural life, leaving said estate to be used and disposed of by her, wholly to her discretion and judgment as she may decide her needs require," and the remainder of said estate, after her decease, to go to four of the testator's children, naming them, the widow takes a *life-estate,* in the use of which she must be governed by the rules applicable to tenants of such estates.

3. The practice adopted in this case, of bringing the proceedings to this Court by *certiorari,* was approved in *Kelly v. Reynolds,* 39 Mich. 464.

*Certiorari* to Macomb. (Canfield, J.) Argued April 10, 1890. Decided April 18, 1890.

*Certiorari* to review the judgment of the circuit court of Macomb county, affirming the order of the probate court construing a will. Reversed. The facts are stated in the opinion.

*T. M. Crocker,* for plaintiff in *certiorari,* contended:

1. A will giving a life-estate, with the added power of disposition for certain uses or purposes, or upon certain necessities, does not, by such added power of disposition, increase the life-estate into an absolute title, nor does it defeat the remainder over, given to heirs; citing *Burleigh v. Clough,* 52 N. H. 267, 271 (13 Amer. Rept. 23); *Fairman v. Beal,* 14 Ill. 244; *Boyd v. Strahan,* 36 Id. 355, 360; *Hamlin v. Express Co.,* 107 Id. 443, 448; *Kaufman v. Breckinridge,* 117 Id. 305, 315; *Paine v. Barnes,* 100 Mass. 470, 471; *Bamforth v. Bamforth,* 123 Id. 280, 282; *Kelley v. Meins,* 135 Id. 231, 234; *Welsh v. Woodbury,* 144 Id. 542; *Rubey v. Barnett,* 12 Mo. 3; *Russell v. Enbanks,* 84 Id. 83, 88; *Bean v. Kenmuir,* 86 Id. 666; *Harbison v. James,* 90 Id. 411; *Benesch v. Clark,* 49 Md. 497, 504; *Denson v. Mitchell,* 26 Ala. 360; *In re Foster's Will,* 76 Iowa, 364; *In re Oertle's Estate,* 34 Minn. 173.

2. The probate court can assign the residue of a testator's estate; citing How. Stat. §§ 5964, 5965; order the payment of legacies; citing Id. § 5997; and has jurisdiction of all matters relating to the settlement of the estates of such deceased persons; citing Id. § 6760. How could all of the things be done if the power to construe the testator's will was not given it?

3. This Court, in *Kelly v. Reynolds,* 39 Mich. 465, construed a will in proceedings brought here by writ of *certiorari,* and it has on various occasions clearly pointed out when error would not lie, and when *certiorari* was the proper remedy; citing *Holbrook v. Cook,* 5 Mich. 225; *In re Robinson's Estate,* 6 Id. 137, 142; *Conrad v. Button,* 28 Id. 365; *Cameron v. Bentley,* Id. 520; *Brinsmade's Appeal,* 52 Id. 537.

*Eldredge & Spier,* for defendant Reid.

*Dwight N. Lowell,* for defendant Greenshields.

CAHILL, J. A decision of this case involves the construction of the will of Hugh Reid.

The will was admitted to probate in Macomb county in March, 1881, and defendant Greenshields was appointed administrator with the will annexed in the May following. The estate consisted wholly of personal property. Soon after the appointment of the administrator, an order was made on the petition of Margaret O. Reid, the widow, allowing her $150 out of the estate, and also $5 per week for her support. No further action was taken in the probate court for some years. Mr. Greenshields rendered no account, but was permitted by the widow to handle the estate, and look after its investment. This continued down to March, 1888, when Agnes Glover, who is a daughter of Hugh Reid, filed a petition in the probate court asking a revocation of the order allowing five dollars per week to the widow. On the same day she filed a petition that the administrator be cited to render a final account. Action was taken on the petition; and upon the hearing in the probate court it was insisted by the administrator and the widow that plaintiff had no interest in the estate of Hugh Reid under his will; that the will gave the property absolutely to the widow; and that the children of deceased had therefore no standing in court. The probate court took that view, and entered an order, from which we extract so much as is important here:

"And it further appearing to the court that, by the terms of the last will and testament of said deceased, the said Margaret O. Reid, widow of said deceased, is entitled to the residue of said estate of said deceased, *as legatee and absolute owner thereof,* and to the possession thereof, to be used and disposed of by her; that all debts, funeral expenses, and all expenses of administration of said estate, have been paid or provided for; and that the said William Greenshields has since, about the expiration of one year from his appointment, having then paid said debts

and expenses, held the residue of said estate at the request of, and for, Margaret O. Reid.

"After hearing D. N. Lowell, attorney for said William Greenshields, T. M. Crocker, attorney for John Reid and other children of said deceased in said will named, in opposition to the allowance of said amount, and in opposition to an order directing the said administrator to turn over to said widow, *as such legatee and absolute owner thereof*, the residue of said estate, and Eldredge & Spier, attorneys for said widow."

Then follows a provision relating to the administrator's account, which is not important here. The order concludes as follows:

"It is further ordered and decreed that the said administrator do transfer and assign to the said Margaret O. Reid, widow of deceased, the notes, mortgages, and cash constituting the residue of the estate, including all interest accrued thereon since the filing of said account, and that he account to the said Margaret O. Reid therefor, and turn the same over to her, as legatee and absolute owner thereof."

From this order the plaintiff appealed to the circuit court, where it was affirmed, and the proceedings are now brought to this Court by *certiorari*. This practice was approved in *Kelly v. Reynolds*, 39 Mich. 464.

Counsel for the administrator and for the widow insist that the probate court had no jurisdiction to construe this will, or to determine the rights of the parties under it; that the words, "as legatee and absolute owner thereof," were put into the order before quoted from at the suggestion of counsel for plaintiff; that but for such suggestion and request of plaintiff's counsel the order would have been, simply, that the administrator turn over to the widow the residue of the estate, as the person entitled, under any construction of the will, to the possession and control of it. But this does not appear from the record. If we are allowed to take the facts as they are conceded on the argument, then we must not only

find that the clause in the probate order which is objected
to by the defendants' counsel was put in at the sugges-
tion of plaintiff's counsel, but we must also find that, on
the hearing in the probate court, counsel for defendants
objected to the plaintiff's being heard there on the ground
that under the will the entire estate passed to the widow,
and that the plaintiff, having no interest, had no stand-
ing in court,—thereby challenging a construction of
the will.

But we think the probate court had jurisdiction to
construe the will. Such power is necessarily involved in
the power to assign the estate of a testator on the settle-
ment of an executor's account. How. Stat. §§ 5964, 5965;
Gary, Prob. Law, §§ 50, 624. This jurisdiction in the
probate court has often been recognized in this State.
*Patterson v. Stewart,* 38 Mich. 402; *Kelly v. Reynolds,* 39
Id. 464; *Langrick v. Gospel,* 48 Id. 185 (12 N. W. Rep. 38).

The clause in the will over which the controversy
arises is as follows:

"I, Hugh Reid, of the village of Romeo, in the county
of Macomb and State of Michigan, being of sound mind,
do hereby make, publish, and declare this my last will
and testament, that is to say: I give and bequeath unto
my wife, Margaret O. Reid, all my estate of which I may
die seised or possessed, to and for her own use and bene-
fit and disposal, for and during the term of her natural
life, leaving said estate to be used and disposed of by
her, wholly to the discretion and judgment of my said
wife as she may decide her needs require; the remainder
of said estate, after her decease, to be for and go to my
four children, viz., Jennette, Isabella, John, and Agnes,
share and share alike.

"I hereby appoint my said wife, Margaret O. Reid, the
executor of this, my last will and testament; and, lastly,
I revoke all former wills, declaring this writing alone to
express the whole of my will."

We cannot agree with the construction put upon this
will by the probate court in the order from which we

have quoted, and by the circuit court on appeal. We think the widow takes a life-estate only, and that at her death the remainder, if there be any, will go, not to her heirs, but to the children of the testator named in the will. In her use of the estate the widow will be governed by the rules applicable to tenants of life-estates. She may not waste or squander it in profligate living. As the record shows her to be a prudent and careful woman, no danger of that kind is to be apprehended. But no complaint can be made of her use of so much of the estate as her own sound judgment and discretion "decide her needs require." Only an abuse of such discretion could be inquired into.

We have not lost sight of the very able argument and exhaustive citation of authorities by counsel for defendants in support of their position that when the use of personalty for life is given, coupled with the *unlimited power of conversion and disposition,* the gift is absolute, and an attempted devise over is void for repugnancy.[1] But we cannot apply that doctrine to this case. We think the power of conversion and disposition under this will cannot be held to be *unlimited,* without doing violence to the real intent and purpose of the testator. This should never be done, if it can be avoided. *Jones v. Jones,* 25 Mich. 401. If Mrs. Reid had died the day after her husband, would any one seriously argue that the estate would have passed to her heirs, to the exclusion of the testator's children, to whom he clearly intended it to go in such a contingency? Yet the estate passed at once, if at all, upon the death of Mr. Reid.

[1] Counsel cited *Jones v. Jones,* 25 Mich. 401; *Proctor v. Robinson,* 35 Id. 284; *Sutphen v. Ellis,* Id. 446; *Weir v. Stove Co.,* 44 Id. 506; *Ireland v. Parmenter,* 48 Id. 633; *Speirs v. Roberts,* 73 Id. 666, 673; *Hale v. Marsh,* 100 Mass. 468; *Howard v. Carusi,* 109 U. S. 725; *Jones v. Bacon,* 68 Me. 34; *Campbell v. Beaumont,* 91 N. Y. 464; *McLean v. Macdonald,* 2 Bart. 534; *Lynde v. Estabrook,* 7 Allen, 68; *Fiske v. Cobb,* 6 Gray, 144; *Burbank v. Whitney,* 24 Pick. 146; *Allen v. White,* 16 Ala. 181.

The judgment must be reversed, and it must be certified to the probate court for its action in accordance with this opinion. No costs will be allowed to either party.

The other Justices concurred.