GADD v. STONER.

1. WILLS—LIFE ESTATE WITH LIMITED POWER OF DISPOSAL—EXECUTORY DEVISE.
   A power of disposal annexed to a devise to testator's wife of all of his property, to be used "as she may desire and wish for and during the term of her natural life," will not necessarily defeat a devise in fee to take effect after the death of the wife, if it was the manifest intention of the testator that the power should only be exercised by the wife if required for her proper maintenance and support.

2. SAME—UNAUTHORIZED CONVEYANCE—GOOD FAITH.
   In the absence of an express limitation upon the power in the will itself, the law will affix that of good faith, and a conveyance made with the obvious purpose of subverting the intent of the testator will be ineffectual to pass a fee.

3. SAME—GRANTEE OF LIFE TENANT—LIEN FOR SUPPORT.
   The grantee under such a conveyance, who gives back an agreement to support the grantor during her lifetime, may take an estate for the life of the grantor, with a lien upon the land for all services that he may render under his agreement to support, less the value of the use of the land.

Appeal from Washtenaw; Kinne, J.    Submitted June 18, 1897.    Decided July 13, 1897.

Bill by William Gadd, executor, and others, against Mary E. Stoner and Laura G. Powell, to construe the will of Edward Y. Powell, deceased.    From a decree for complainants, defendants appeal.    Affirmed.

*A. F. & F. M. Freeman* (*B. M. Thompson*, of counsel), for complainants.

*A. J. Sawyer*, for defendants.

MONTGOMERY, J.    On the 14th of March, 1891, Edward Y. Powell, then of the age of 71 years, made his

| | |
|---|---|
| 113 | 689 |
| 116 | 183 |
| 113 | 689 |
| 127 | 123 |
| 113 | 689 |
| s71NW1111 | |
| 132 | 207 |
| 113 | 689 |
| e136 | 1239 |
| f136 | 1246 |
| 113 | 689 |
| 146 | 3 |
| 146 | 5 |
| 113 | 680 |
| 153 | 2282 |
| 113 | 689 |
| 156 | 1384 |

last will and testament, two clauses of which are in controversy, *i. e.*, the second and fourth. So much of these clauses as bears on the question involved is as follows:

"*Second.* I hereby give, devise, and bequeath unto my beloved wife, Laura G. Powell, all of my property, both real and personal, and wheresoever situate, to use the same as she may desire and wish for and during her natural life, with full power and authority to grant and convey, in her own name, any part or portion thereof she may elect, desire, or wish, and the title so conveyed by her shall, for the purposes of the same, be perfect and free in the respective grantees or vendee, to all intents and purposes as though it were done by me, and for the purposes of the same shall be considered the absolute title of my said wife; and with full power to sell and buy any other personal property, in the place and stead of any other personal that I may die possessed of, with the avails thereof, that may to her seem necessary, or that she may wish; but any existing personal property or real estate, bought with the avails of other property belonging to me at my death, or other property substituted in its place and stead, and remaining at the death of my said wife, as that of which I may die seised or possessed, or for property bought and placed in its stead, seised or possessed by my said wife in her name, as bought with the avails of my said property, to descend and go, as hereafter expressed, after the death of my said wife, as any and all other property not used by my said wife under the power and authority herein expressed; with the further distinct understanding that any property so remaining at my death, belonging to me, shall be burdened with the care and for the maintenance and support of my said wife, in sickness and in health, for the purposes of maintaining a home, in name and in fact, as we have lived in the past, and according to our station in life, as well as the power and authority hereinbefore granted to my said wife, and at her death to give her a good Christian burial from the property so remaining, as hereinbefore stated."

"*Fourth.* After the performance of the bequests hereinbefore stated, and after the death of my said wife, I will, devise, and bequeath all my property, both real and personal, and wheresoever situate, unto the following named persons."

Then follow specific bequests in detail.

Edward Y. Powell died on the 14th of May, 1893, and his will was admitted to probate on the 31st day of July, 1893. The property of the estate consisted of personal property, inventoried at $723.99, and a farm of 109 acres, inventoried at $4,462. On the 26th of August, 1893, the widow conveyed to Mary E. Stoner, a daughter of deceased, the farm, taking back an agreement for her support during life. The conveyance was of the fee. The complainants, as executor and legatees under the will, file this bill to have the will construed, and to have the effect of this conveyance declared. The circuit court construed the will as charging the estate with the support of Mrs. Powell, and as giving her the right to convey for that purpose, and decreed that, at the election of the defendants, the conveyance might be treated as creating a lien in favor of Mary E. Stoner for all services which she should render for that purpose, less the value of the use of the land. Defendants contended that the will vested in Mrs. Powell an absolute estate, which had been conveyed to Mrs. Stoner.

Defendants invoke the rule that when the fee is bequeathed, or a life estate created, with full and absolute power of alienation, the attempt to create a limited estate in favor of another devisee, by a subsequent clause in the same instrument, fails; and cite, to sustain this contention, 4 Kent, Comm. 270; *Dodson* v. *Sevars,* 52 N. J. Eq. 611; *McClellan* v. *Larchar,* 45 N. J. Eq. 17; *Howard* v. *Carusi,* 109 U. S. 725; *Bradley* v. *Carnes,* 94 Tenn. 27 (45 Am. St. Rep. 696); *Jones* v. *Jones,* 25 Mich. 401.

This rule is recognized, but it must be understood and applied in connection with such other rules as furnish aid in construing wills, and the cardinal rule is that the real intent and meaning of the testator, as expressed in the will, should be given effect, and that for this purpose all the clauses of the will are to be considered. *Bailey* v. *Bailey,* 25 Mich. 185. See, also, Schouler, Wills, §§ 466,

467; *Smith* v. *Bell*, 6 Pet. 68; *Barnes* v. *Marshall*, 102 Mich. 248. It should also be noted that, in applying the rule contended for by defendants, a marked distinction exists between the case of an express bequest in fee and a case where the will creates a life estate with power to alienate. See this distinction noted in *Bradley* v. *Carnes*, *supra;* Schouler, Wills, § 559. In the latter case the test seems to be whether the will gives an unlimited, or only a modified, power of disposition in the first taker. If the former, it is treated as a conveyance in fee; if the latter, an executory devise may yet be given effect. In *Jackson* v. *Robins*, 16 Johns. 588, Chancellor Kent said:

"We may lay it down as an incontrovertible rule that where an estate is given to a person generally or indefinitely, with a power of disposition, it carries a fee; and the only exception to the rule is where the testator gives to the first taker an estate for life only, by certain and express words, and annexes to it a power of disposal. In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the distinct and naked gift of a power of disposition of the reversion."

See, also, *Hinkle's Appeal*, 116 Pa. St. 498; *Cory* v. *Cory*, 37 N. J. Eq. 198; *Wetter* v. *Walker*, 62 Ga. 142; *Rhode Island Hospital Trust Co.* v. *Commercial Nat. Bank*, 14 R. I. 625; *Glover* v. *Reid*, 80 Mich. 230.

By the first part of clause 2, which defines the estate bequeathed, *i. e.*, "all of my property, both real and personal, and wheresoever situate, to use the same as she may desire and wish for and during the term of her natural life," it is altogether clear that but a life estate was created. See *Brant* v. *Iron Co.*, 93 U. S. 326. This being so, the question is whether the power which follows was intended to be unlimited, or limited to specific purposes. We think it was not unlimited. The testator has manifested an intention of charging his entire estate with the burden of the care of his wife, has given her a power of sale and reinvestment with that end in view,

and has just as distinctly manifested the purpose that the residue shall go to certain named legatees. .

It is also contended that, as the will contains a power to sell, and as Mrs. Powell has assumed to make conveyance, the court possesses no power to set aside the sale. In the same connection it is said that there is no limitation on the power of sale. But if the estate vested in her is less than a fee, certainly the limitation of good faith will be affixed by law. It is evident that the intent and purpose of the conveyance made to Mrs. Stoner was to subvert the intent of the testator.

We think the learned judge reached the correct conclusion, and his decree will be affirmed.

The other Justices concurred.