CLARK *v.* MACK.

1. WILLS—ESTATES OF DECEDENTS—CONVEYANCES—LIFE ESTATES
AND REMAINDERS.
    By a will providing that the property of testatrix should be-
    long to her two sisters to be equally used and controlled by
    them until death, then the remaining portion to the nearest
    of kin, the title thereto was not conveyed absolutely to the
    sisters but merely a life estate.

2. SAME.
    The disposing clause being in one sentence, in which the sisters
    and next of kin were named, and the intent of the testatrix
    being clear, the will was not a gift with a repugnant clause.

3. SAME—LAPSE—AMBIGUITIES.
    When a will fairly construed is susceptible of two construc-
    tions, one of which would render it inoperative and the other
    give effect to it, the duty of the court is to adopt the latter
    construction.

4. SAME—INVALIDITY.
    It is only when a reasonable construction and the discovery of
    the intent of the testator are utterly hopeless that all effect
    should be denied to a will.

5. SAME—LAPSE—RESIDUARY CLAUSE.
    Where a lapse is not in the residuary clause, both personal and
    real property, of which the gift by will has been defeated,
    pass to the residuary legatees.

6. SAME—CONSTRUCTION.
    Where both legatees died before the death of testatrix and the
    life interests could not be given effect, the property passed
    under the residuary clause to the next of kin.

7. SAME—WORDS AND PHRASES—NEXT OF KIN.
    In the absence of a contrary intent, a gift to next of kin is a
    gift to the nearest of kin, in the strictest sense, under the rules
    of civil law excluding persons who, under the statute of dis-
    tribution, would be entitled to take by representation.
        161 MICH.—85.

8. SAME.

A will speaks from the death of the testator and the estate vests at that time unless the will contains some provision to the contrary: so that the next of kin are those persons who are nearest in degree of relationship at the death of testatrix.

Appeal from Kalamazoo; Smith (Clement), J., presiding. Submitted April 8, 1910. (Docket No. 39.) Decided June 6, 1910.

Bill by Kate Clark and others against Albert Mack, administrator with the will annexed of the estate of Betsey C. Sellmann, deceased, and others, for a construction of said will. From a decree for defendants, complainants appeal. Affirmed.

*Frost & Farrell* (*W. S. Powers*, of counsel), for complainants.

*Leo T. Flansburg* (*E. M. Irish*, of counsel), for defendants.

STONE, J. In this case the bill of complaint was filed to obtain the construction of the will of Betsy C. Sellmann, deceased. The will is holographic, and was made while the testatrix was in Kansas City, Mo., on December 1, 1890. The following is a copy of the substantial portion of the will:

"In consideration of the duty I owe those near and dear to me by ties of blood and friendship, and my desire to benefit, pecuniarily, those among them, who, not having children to care for them, are likely to be most in need of help, as age creeps on, and helplessness:

"I therefore, this day December 1, 1890, in the city of Kansas City, Mo., in presence of these witnesses, do solemnly will and bequeath all my earthly possessions, real estate and personal property, to my two sisters Emily A. Coe, and Esther A. Coe, widow of Rubin Coe, to be equally used and controlled by them both, while both live, and should one of them die first, the one that is left shall use and control all that remains until her death, when if any-

thing remains, it shall then be divided among the nearest of kin."

Testatrix was a single woman, without children, and died April 23, 1907. At the time the will was made all of the brothers and sisters of the testatrix were living, viz., Lafayette Coe and Walter Coe, brothers, and Jane Coe, Esther A. Coe, Emily A. Coe, and Ursula Gilfillin, sisters. After making this will, and prior to the death of the testatrix, Lafayette Coe, Jane Coe, Esther A. Coe, and Emily A. Coe died. Lafayette and Jane left children; Esther and Emily left no children. At the time of the death of the testatrix one brother, Walter Coe, and one sister, Ursula Gilfillin, were living. Ursula Gilfillin has since died, leaving children. The will was duly admitted to probate. Defendant, Albert Mack, was appointed administrator with the will annexed of the estate, and is still acting in that capacity. The joint and several answer of Albert Mack, administrator, and Walter Coe admits all the material allegations of fact in the bill, and asks for a construction of the will. None of the other defendants appeared or answered. Defendant Walter Coe claims the advantage of a cross-bill, and asks that the will be so construed as to give him one-half of the estate, as one of the nearest of kin of the testatrix.

The complainants claim that the legatees, Emily A. Coe and Esther A. Coe, under the will, took an absolute estate in fee simple, and that by reason of both of the said legatees having died before the death of the testatrix the legacy lapsed, and the estate became intestate, and should be divided among the heirs of the deceased, as provided by the statutes of this State, in case of intestate estates. The claim in behalf of defendant Walter Coe is that Emily A. Coe and Esther A. Coe were entitled to a life estate in the property, had they lived until the death of the testatrix, and that it should now be equally divided between himself and the heirs of his sister Ursula Gilfillin; and that he and said sister were the nearest of kin of the said testatrix at her

death. The learned circuit judge took this view of the case, and decreed one-half of the estate to said Walter Coe, and the other one-half to the heirs of Ursula Gilfillin. The complainants have appealed.

1. We are unable to agree with the contention of counsel for complainants in the construction of this will. It is their claim that the question is controlled by the cases of *Jones* v. *Jones*, 25 Mich. 401; *Moran* v. *Moran*, 143 Mich. 322 (106 N. W. 206, 5 L. R. A. [N. S.] 323, 114 Am. St. Rep. 648), and kindred cases. It is our opinion that Mrs. Sellmann did not intend to will the property to the sisters so that it would be theirs absolutely, but that it was the manifest intention of the testatrix to give to the sisters Emily A. Coe and Esther A. Coe, who had no children to care for them, a life estate therein; they to have the use and control thereof jointly, so long as they both should live, and the survivor to have the use and control of what should remain until her death; when if anything remained it should be divided among the nearest of kin. This will does not in our opinion present a case of a gift with a repugnant clause, as was found in many of the cases cited by complainants. The disposing clause of this will is embraced in one sentence. The same form of words that is employed in bestowing the use and control of the property upon the sisters while they live is employed in bestowing the remainder upon the nearest of kin, when the sisters have died. We think that the express terms of the gift created a life estate in the sisters named, and that the case is controlled by our own decisions, a part only of which are here cited. *Morford* v. *Dieffenbacker*, 54 Mich. 593 (20 N. W. 600); *Gaukler* v. *Moran*, 66 Mich. 353 (33 N. W. 513); *Glover* v. *Reid*, 80 Mich. 228 (45 N. W. 91); *Cousino* v. *Cousino*, 86 Mich. 323 (48 N. W. 1084); *Jones* v. *Deming*, 91 Mich. 481 (51 N. W. 1119); *Defreese* v. *Lake*, 109 Mich. 415 (67 N. W. 505, 32 L. R. A. 744, 63 Am. St. Rep. 584); *Gadd* v. *Stoner*, 113 Mich. 689 (71 N. W. 1111); *Robinson* v. *Finch*, 116 Mich. 180

(74 N. W. 472); *Austin* v. *Hyndman,* 119 Mich. 615 (78 N. W. 663).

2. Bearing in mind that the legatees, Emily A. Coe and Esther A. Coe, both died in the lifetime of the testatrix (Esther having died in April, 1904, and Emily in March, 1905, more than two years before the death of the testatrix), what is to become of the property? The will says: "It shall then be divided among the nearest of kin." It is fair to suppose that Mrs. Sellmann knew of the death of her two sisters, yet she allowed over two years to elapse without making any change in her will, and we think that she intended the last clause of the will to be effective. When a will fairly construed is susceptible of two constructions, one of which would render it inoperative, and the other give effect to it, the duty of the court is to adopt the latter construction. 30 Am. & Eng. Enc. Law (2d Ed.), p. 667, and cases cited in note. In *Den* v. *Crawford,* 8 N. J. Law, 97, Ewing, C. J., in giving the opinion of the court, said:

"It is only when a reasonable construction and the discovery of the intent of the testator are utterly hopeless that all effect should be denied to a will."

The lapse here was not in the residuary clause; and it is held that, where the lapse is not in the residuary clause, lapsed gifts of both personal property and real estate pass under that clause. Remsen on Wills, p. 221, and cases there cited. In *Mann* v. *Hyde,* 71 Mich. 278 (39 N. W. 78), it is said:

"The law in regard to lapsed legacies of personalty has always treated them as part of the general body of the estate, so that they pass to the residuary legatees."

We think that the testatrix intended that the property, upon the death of Emily and Esther, should go to her nearest of kin.

3. This brings us to the question: Who were the nearest of kin? In the absence of a contrary intent, a gift to next of kin is a gift to the nearest of kin in the strictest sense, excluding persons who, under the statute of distri-

bution, would be entitled to take by representation. Thus a brother or sister would take to the exclusion of the children of a deceased brother or sister. Remsen on Wills, p. 101; 2 Jarman on Wills (6th Ed.), p. 953; 2 Underhill on Wills, § 626; Rood on Wills, § 456.

The term "nearest of kin," in the will, signifies those who stand in the nearest relationship to the intestate according to the rules of the civil law for computing degrees of kinship. In this will there are no words suggesting that any one is to take by the right of representation. But that idea is excluded by the words employed: "It shall then be divided among the nearest of kin." They were the brother, Walter Coe, and the sister, Ursula Gilfillin, surviving at the death of the testatrix. *Van Cleve* v. *Van Fossen*, 73 Mich. 342 (41 N. W. 258). The death of the person whose next of kin is mentioned determines the membership of the class.

"Thus, if the gift be to A. for life, and after his decease to the next of kin of the testator, the persons to take as next of kin are to be ascertained at the death of the testator, and not at the death of A." Hawkins on Wills (2d Am. Ed.), pp. 99, 100.

*Minot* v. *Harris*, 132 Mass. 528; *Letchworth's Appeal*, 30 Pa. 175; *Welsh* v. *Crater*, 32 N. J. Eq. 177; Remsen on Wills, p. 102. A will speaks from the death of the testator, and the estate vests at that time, unless the will contains some provision to the contrary. *Rood* v. *Hovey*, 50 Mich. 395 (15 N. W. 525); *Hibler* v. *Hibler*, 104 Mich. 274–281 (62 N. W. 361).

We conclude, therefore, as did the court below, that the property under the will in question should be divided between the defendant Walter Coe and the heirs of Ursula Gilfillin; the said Walter Coe taking one-half, and the said heirs one-half thereof.

The decree of the circuit court is affirmed, but without costs.

MOORE, McALVAY, BROOKE, and BLAIR, JJ., concurred.