### FARLIN *v.* SANBORN.[1]

1. WILLS—LIFE ESTATE—POWER TO CONVEY.

> The conveyance by will of testator's real and personal property to his widow for life, with power to dispose of it for her support and comfort, the portion remaining at her death to go to testator's heirs, transfers a life estate with a vested remainder to his heirs living at the time of his decease.

2. SAME—ESTATES—REAL PROPERTY.

> An estate conveyed generally or indefinitely with a power of disposition carries a fee except where the testator gives to the first taker an estate for life only, by express words, and annexes to it a power of disposal.

3. SAME—ESTATES OF DECEDENTS.

> The grantee obtains no right, under such a provision, to give away the property by gift or testamentary disposition.

4. JUDGMENT—RES JUDICATA—PROBATE COURTS—ESTATES OF DECEDENTS.

> Where the beneficiary, who was executrix under the will, filed her final account in probate court showing the amount of property remaining in her hands, without disclosing what had been done with the part conveyed away by her, the order of the probate court allowing the account is not *res judicata* as to the construction of the will or the transfers made by her of the property.

[1] Rehearing denied July 15, 1910.

Appeal from Wayne; Hosmer, J.  Submitted April 21, 1910.  (Docket No. 14.)  Decided June 6, 1910.

Bill by James A. Farlin and others against Nancy M. Sanborn for a construction of the last will and testament of Charles D. Farlin, deceased, and for an accounting. From a decree dismissing the bill, complainants appeal. Reversed, and remanded for an accounting.

*Guy A. Miller* (*Lucking, Emmons & Helfman* and *Alex J. Groesbeck*, of counsel), for complainants.

*H. M. & D. B. Duffield* (*Orla B. Taylor*, of counsel), for defendant.

STONE, J.  Complainants are all the living heirs of Charles D. Farlin, deceased, and filed their bill in this cause to obtain a construction of the will of said Charles D. Farlin, to set aside certain transfers of property made by the widow, Sarah M. Farlin, to the defendant, and to secure an accounting of the property of the estate of said Charles D. Farlin that came to the possession of, and was enjoyed by, said Sarah M. Farlin during her lifetime. The defendant is the executrix and devisee under the will of said Sarah M. Farlin, and is the niece of Mrs. Farlin. From a decree dismissing the bill of complaint, the complainants have appealed.

So far as material to the issues in this case, the said will of Charles D. Farlin, deceased, reads as follows:

"*First.*  I do hereby will, devise and bequeath all and singular the estate of which I may die seised, real, personal and mixed, to my wife Sarah M. Farlin for and during her natural life, with full power and authority to use and dispose of the same for her use, support and comfort, as to her shall seem best.  Also with full power and authority to sell and convey all or any of the real estate, of which I shall die seised, at her own option as fully as I myself could do.

"*Secondly.*  Upon the death of my said wife Sarah M. Farlin, I do hereby give, devise and bequeath all the prop-

erty that may be remaining of my estate, whether real, personal or mixed, to my heirs living at my decease.

"*Thirdly.* I hereby constitute and appoint Sarah M. Farlin the executrix of this my last will and testament, with full power as such executrix to sell and convey any of the real estate of which I may die seised."

The above will was executed June 1, 1867. Charles D. Farlin, a resident of Detroit, died in 1884. The will was admitted to probate in Wayne county upon the petition of Mrs. Farlin. At the time of the execution of the said will, Mrs. Farlin was 47 years of age. She died in 1908 at the age of 88 years. There were no children.

Complainants' position and contentions are as follows:

(1) That the will of Charles D. Farlin created a life estate in Sarah M. Farlin, with a vested remainder over to his heirs living at the time of his decease.

(2) That under the will the life tenant had the following rights: (*a*) To use the property; (*b*) to dispose of it— both rights being for her use, support, and comfort only. That she had no right to give away the property, either by gift *inter vivos*, or by testamentary disposition, and in that manner defeat the will of the testator.

(3) That the property in the possession of Sarah M. Farlin at her decease being now in the possession of the defendant as her executrix, complainants are now entitled to an accounting with respect to the property derived from the estate of Charles D. Farlin.

As we understand the position of the defendant, it is:

(1) That the decree dismissing the bill should be affirmed: (*a*) Because an absolute estate was devised to the wife; that an estate in words for life, but coupled with an unlimited power of disposition, creates an estate in fee. (*b*) That the probate court having jurisdiction to construe wills, and the widow expressly asserting from the beginning that she was the sole legatee, the order of the court discharging her, and canceling her bond, could only have been made upon a construction of the will favorable to her contention, which construction, at the end of 10 years, it is too late to question.

(2) If the power of disposition shall be construed as limited, then no complaint can be made of the widow's

disposition, since it has been in accordance with her own sound judgment and discretion for her use and comfort, as to her seemed best.

(3) That if an accounting should be ordered, it should not antedate the discharge of the executrix in 1903, since at that time she showed to the probate court, and obtained its approval of, such dispositions as she had theretofore made, which cannot now be reopened.

It should be stated that the defendant has been appointed executrix of the will of Sarah M. Farlin, and claims by virtue of the bequests therein contained to be the absolute owner of the entire estate, whether derived from the estate of Charles D. Farlin, deceased, or from the separate property of Mrs. Farlin. It also appears that on December 21, 1893, Sarah M. Farlin filed her petition in the probate court, in the matter of the estate of Charles D. Farlin, deceased, representing that she was executrix; that all the proceedings required by law for the examination and allowance of all claims against said deceased, and for the proper administration and settlement of said estate, had been taken; that all the debts, funeral charges, and expenses of administration had been fully paid; that she was the sole devisee under the last will and testament of deceased.

The petition prayed that a day be fixed for hearing the petition, and due notice thereof given to all persons interested, as the court should direct, and that such residue of said estate might be, by the decree of said court, duly assigned and set over to her, and that said estate be closed and petitioner's bond as executrix canceled. Attached to said petition was a paper writing purporting to be a partial inventory of estate of Charles D. Farlin, showing part undisposed of by Sarah M. Farlin, executrix. Notice of hearing on said petition was published for three weeks in the Detroit Free Press. No other notice thereof was given. The said petition is indorsed as follows:

"No. 11,907. State of Michigan. The Probate Court for the County of Wayne. Estate of Charles D. Farlin, deceased. Petition to close estate. Filed December 21,

1893.    Morse Rohnert, Deputy Register of Probate. Examined and allowed as stated.    Executrix discharged and her bond canceled.    January 23, 1894.    Edgar O. Durfee, Judge of Probate.    Recorded Liber 190, page 603."

No other or further entry appears to have been made in said estate in the probate court.

1.   Referring to the first question raised in this case, counsel for defendant have well said that there are two lines of authorities to be found in our reports which, on a superficial examination, seem to reach opposite conclusions on the same facts.   A careful analysis of the cases, however, discloses a clear line of distinction.   After a careful examination of our decisions, we are of opinion that the will of Charles D. Farlin here under consideration created a life estate in Sarah M. Farlin, with a vested remainder over to his heirs living at the time of his decease.   In our opinion the case is ruled by the following cases in this court: *Glover* v. *Reid*, 80 Mich. 228 (45 N. W. 91); *Gadd* v. *Stoner*, 113 Mich. 689 (71 N. W. 1111); *Jones* v. *Deming*, 91 Mich. 481 (51 N. W. 1119); *In re Mallary's Estate*, 127 Mich. 119 (86 N. W. 541, 89 N. W. 348); *Defreese* v. *Lake*, 109 Mich. 415 (67 N. W. 505, 32 L. R. A. 744, 63 Am. St. Rep. 584); *Hull* v. *Hull*, 122 Mich. 338 (81 N. W. 89).   Many other cases might be cited to the same effect.   We leave this branch of the case by quoting the following language of Chancellor Kent, in *Jackson* v. *Robins*, 16 Johns. (N. Y.) 588:

"We may lay it down as an incontrovertible rule that where an estate is given to a person generally or indefinitely, with a power of disposition, it carries a fee.   The only exception to the rule is where the testator gives to the first taker an estate for life only, by certain and express words, and annexes to it a power of disposal.   In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the distinct and naked gift of a power of disposition of the reversion."

With this doctrine in mind, we think that *Jones* v. *Jones*, 25 Mich 401, *Dills* v. *La Tour*, 136 Mich. 243 (98

N. W. 1004), and kindred cases, are readily distinguishable from the case at bar.

2. Under the will of her husband, Mrs. Farlin, as life tenant, had the right to use and dispose of the property for her use, support, and comfort. This did not give her a right to give away the property, either by gift *inter vivos* or by testamentary disposition, and in that manner defeat the will of the testator. The right to convey and dispose of was for a specific purpose, to wit, for her use, support, and comfort. *Glover* v. *Reid, supra.* It was said by Justice MONTGOMERY, in *Gadd* v. *Stoner, supra:*

"In the same connection it is said that there is no limitation on the power of sale. But if the estate vested in her is less than a fee, certainly the limitation of good faith will be affixed by law."

Was the action of the probate court in 1893–94 *res judicata* upon the subject of either the construction of the will, or the assignment of the estate? We think not. The court made no order upon either subject. It will be noticed that in *Glover* v. *Reid, supra,* the order or decree of the probate court was explicit:

"And turn the same over to her as legatee and absolute owner thereof."

Such was not even the prayer of the petition of Mrs. Farlin. She simply prayed that the residue of the estate be duly assigned and set over to her. This might well have been done, for she, in any view of the matter, was entitled to it during her life. But even that order was not made. We think that, if anything can be gathered from the action of the probate court, it is that it refrained from any attempted construction of the will. Neither was there any such settlement of the account and administration of the executrix as would preclude inquiry into the manner of the disposition of the property of the estate of Charles D. Farlin, deceased. The record fails to show that any statement or account of the disposition of the property was be-

fore the probate court. At most there was simply a statement showing the residue of the estate then undisposed of. How the property had been disposed of did not appear. We are of the opinion, from this record, that the action of the probate court was not *res judicata* upon any question here involved.

The decree of the court below must be reversed.

We agree with the contention of defendant's counsel that the case should be remanded to the circuit court for an accounting. Not only does the record fail to show a proper basis for an accounting, but we think that the statement of complainants' counsel on the hearing below justified defendant in not then going into an accounting. The case will be remanded accordingly. The complainants will recover their costs in this court.

OSTRANDER, HOOKER, MOORE, and BLAIR, JJ., concurred.