WOOLFITT *v.* PRESTON.

1. WILLS—LIFE ESTATES—LIMITED POWER OF DISPOSAL.

Under a provision of decedent's will bequeathing to her oldest daughter the homestead, including furnishings and piano, with authority to use or sell it if it seems best to do so, using the principal for her own and children's support, if necessary, and at her death the property, or what remains of it, to be equally divided between two other daughters, and at their death, if the property still remains intact, to be divided between two grandchildren, the oldest daughter took a life estate with power to sell if she deems best, and the further right to use such part of the proceeds as is necessary in the support of herself and children, but for no other purpose; the other daughters took a life estate subject to the above provisions; and the two grandchildren took a vested interest in the remainder.

2. SAME—EXECUTORS AND ADMINISTRATORS—BONDS.

Where the mother did not impose any terms of security upon the oldest daughter, none will be required by the court unless she exceeds the limits of good faith in the administration of the fund.

3. SAME—LIFE ESTATES—SUSPENDING POWER OF ALIENATION—TWO LIVES IN BEING.

The contention that said provision of the will attempts to suspend the power of alienation for a longer period than during the continuance of two lives in being (3 Comp. Laws 1915, §§ 11532, 11533), cannot be sustained, since the devise to the two younger daughters is that of one life estate devised to both, to be enjoyed by them in common.

Appeal from Genesee; Stevens, J. Submitted June 4, 1918. (Docket No. 23.) Decided December 27, 1918.

Bill by Martha B. Woolfitt and another against Claudia M. Preston and others to construe the last

will of Augusta N. Bannister, deceased. From a decree for plaintiffs, defendants appeal. Affirmed.

*George W. Cook,* for plaintiffs.

*Carton, Roberts & Stewart,* for defendants.

BIRD, J. Augusta N. Bannister, a resident of Flint, died testate in October, 1915, leaving three daughters, Claudia, Martha, and Florence. Her will was admitted to probate without contest. It contains the following provision:

"I give, devise and bequeath to my oldest daughter, Claudia, what is known as the old homestead, situated on Harrison street between Second and Third streets, No. 615. I will to Claudia this home and furnishings, including piano. Claudia to have entire control of this property during her lifetime; rent the property and collect the rents as she desires. If there is good opportunity to sell this property and it seems best to sell it, she may do so, using the interest on same. If necessary to use principal for herself and children's support, she may do so. The interest from this property to be used as far as possible for her own support and children's education. At Claudia's death, I wish this property, or what is remaining of it, to be equally divided between Martha and Florence. If the property still remains intact at their death, I wish it to be divided between my granddaughters, Helen and Ruth Preston. If there are other grandchildren, all are to share alike. * * * If Martha and Florence are not both living at Claudia's death, then the one who is living shall have possession of the Harrison street property. If both are not living, then the property will go to my grandchildren and be divided equally between them."

The daughters being unable to agree among themselves as to the construction which should be given to this paragraph of the will, Martha and Florence filed this bill to obtain a judicial construction thereof. Martha and Florence contend that Claudia has only a

life estate in the premises with a limited power of
disposal.   Claudia claims that the devise gives her
an estate in fee, for reasons which we shall presently
consider.

1. Counsel for Claudia contend that the language of
the devise brings the cause within the holdings of
*Jones* v. *Jones*, 25 Mich. 401; *Dills* v. *Latour*, 136
Mich. 243; *Moran* v. *Moran*, 143 Mich. 322 (5 L. R.
A. [N. S.] 323, 114 Am. St. Rep. 648); *Killefer* v.
*Bassett*, 146 Mich. 1; *White* v. *Railway Co.*, 190 Mich.
1; while counsel for Martha and Florence insist that
the case comes within the construction of *Jones* v.
*Deming*, 91 Mich. 481; *Gadd* v. *Stoner*, 113 Mich. 689;
*Farlin* v. *Sanborn*, 161 Mich. 615 (137 Amt. St. Rep.
525); *In re Moor's Estate*, 163 Mich. 353; *Bateman*
v. *Case*, 170 Mich. 617.

The test suggested by *Gadd* v. *Stoner, supra,* which
has been followed by some of the cases, is "whether
the will gives an unlimited, or only a modified power
of disposition in the first taker."   The power of dis-
position contained in this devise does not appear to
be an unlimited one.   It does not give Claudia per-
mission to sell the premises and dispose of the pro-
ceeds for any purpose she may choose.   It does au-
thorize her to make a sale thereof if she deems best
and a favorable opportunity offers, but it limits the
expenditure of the proceeds to her and her children's
necessities.   To expend the proceeds for any other
purpose would be a clear violation of the express terms
of the devise.   The testatrix makes her intent very
clear that the proceeds of the premises, if sold, shall
be devoted to the care and support of Claudia and her
children.   This conclusion brings the case within the
holding of *Gadd* v. *Stoner*, and kindred cases hereto-
fore cited.   Our conclusion is that Claudia takes a life
estate in the premises with the power to sell them
if she deems best, and the further right to use such

part of the proceeds as is necessary in the support of herself and children, but for no other purpose. Subject to these provisions Martha and Florence take a life estate and Helen and Ruth Preston a vested interest in the remainder.

2. Counsel suggest if this conclusion be reached and a sale should be made Claudia should be required to give a bond to protect the proceeds against unauthorized expenditure. The fact must not be overlooked that this property belonged to the mother and that she had a right to do with it as she pleased. She has seen fit to give it to Claudia under these conditions without imposing any terms of security, and none will be imposed unless she exceeds the limits of good faith in the administration of the fund. 18 Cyc. p. 614; *Gadd* v. *Stoner, supra; Chamberlain* v. *Husel,* 178 Mich. 1.

3. A further reason suggested why the devise should be construed to be a fee in Claudia is that the testatrix has attempted by this provision of her will to suspend the power of alienation for a longer period than during the continuance of two lives in being at the creation of the estate, which is prohibited by our statutes. See sections 11532, 11533, 3 Comp. Laws 1915.

To bring the devise within these sections counsel reason in this wise:

"*First,* Claudia is given a life estate; Martha is given a life estate, and Florence is given a life estate, and remainder over to Helen and Ruth Preston, and other grandchildren, if any."

We think counsels' reasoning is erroneous in assuming that the estate given to Martha and Florence represents two life estates instead of one. A fair interpretation of the language of the devise is that one life estate is devised to both Martha and Florence, to be enjoyed by them in common. In other words, an undivided one-half to each. The language of the tes-

tatrix is: "At Claudia's death, I wish this property, or what is remaining of it, to be equally divided between Martha and Florence." By no reasonable construction could this be construed as giving whatever remains to Martha as long as she lives and afterwards to Florence during her life. We are of the opinion that this point is not well taken.

The conclusions which we have reached upon these questions are the same as were reached by the chancellor, therefore, the decree of the lower court will be affirmed. Plaintiffs will recover their costs in this court.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.