GIBSON *v.* GIBSON.

1. APPEAL AND ERROR—WILLS—CONSTRUCTION—APPEAL FROM PROBATE COURT.

The question as to whether a beneficiary under a will takes an estate in fee in that portion of the estate given and devised to her, or whether she takes a life estate only, before the Supreme Court on appeal from the decree of the court below on a bill for the construction of the will, fully argued and briefed, will be determined, where no good purpose would be served by delaying a determination until it could be brought up on appeal from an order of the probate court making a final distribution of the estate.

2. WILLS—CONSTRUCTION—ESTATE DEVISED—TEST.

In determining whether a will devises an estate in fee or only a life estate, the test to be applied is whether it

gives an unlimited or only a modified power of disposition in the first taker.

3. SAME—GRANTING WORDS—ESTATE IN FEE.

The granting words of the will, "I give, devise, and bequeath to R.," *held*, entirely adequate to convey an estate in fee.

4. SAME—CONSTRUCTION — ESTATE DEVISED — INTENT — ESTATE IN FEE.

The granting words of a will, "I give, devise and bequeath to R.," certain real and personal property, followed by the language "the said gifts, bequests, and devises to be by the said R. used, enjoyed, and appropriated during her natural lifetime, with full and complete powers of alienation without limitation or restriction," devised an estate in fee.

5. SAME—ESTATE DEVISED—LIMITATION ON FEE.

Where an estate in fee is devised, a subsequent provision attempting to control the disposition of such uncertain portion of the devised estate as might remain after the death of the original devisee is void for repugnance to the devise in fee.

CLARK and SHARPE, JJ., dissenting.

Appeal from Montcalm; Davis (Frank D. M.), J. Submitted October 5, 1920. (Docket No. 17.) Decided February 3, 1921.

Bill by Frank S. Gibson and William H. Browne, executors of the last will of William D. Johnson, deceased, against Charles J. Gibson, William H. Browne and Laura S. Richardson for a construction of said will. From a decree for plaintiffs, defendant Richardson appeals. Reversed, and decree entered.

*E. J. Bowman* and *Hawley & Eldred*, for plaintiffs.

*Nichols & Locke*, *Jewell & Smith* and *C. Sophus Johnson*, for appellant.

The bill in this case was filed to obtain a construction of the last will and testament of William D. John-

son, who died at his home in Greenville, Michigan, on November 19, 1914. Under the terms of the instrument, Frank S. Gibson and William H. Browne, plaintiffs herein, were appointed executors, and authorized to carry out, among others, the following two provisions:

"*Second:* I give, devise and bequeath to Laura S. Richardson of the said city of Greenville, if she shall survive me, the proceeds of two certain life insurance policies, the same being policies numbered 89071 and 359951 of the Mutual Life Insurance Company of New York, also 695 shares of the common stock of the Skinner-Steenman Company, a Michigan corporation, located at the said city of Greenville, also my residence and homestead in said city, together with the household furniture and furnishings therein contained, including the piano, said real estate being described as follows, to wit: The south two-thirds of lot number twenty-nine of Greens plat of the village (now city) of Greenville, Montcalm county, Michigan. The said gifts, bequests and devises to be by the said Laura S. Richardson used, enjoyed and appropriated during her natural lifetime, with full and complete powers of alienation without limitation or restriction, and upon the decease of the said Laura S. Richardson without issue, after the payment of her just debts and funeral expenses, whatever of said property or estate herein bequeathed and devised as shall remain unused by the said Laura S. Richardson shall revert back to my estate and be distributed in accordance with the provisions of the paragraph of this will disposing of the residue and remainder of my estate, provided nevertheless that in the event the said Laura S. Richardson dies leaving issue, then in such event said issue have and hold forever the said unused remainder.

"*Ninth*—I give, devise and bequeath, all the rest, residue and remainder of my estate, of every name, nature and kind whatsoever, wheresoever the same may be situated, to William H. Browne, Charles J. Gibson and Laura S. Richardson, to be divided between them as follows, to wit: The one-half thereof to the said William H. Browne, one-fourth to the said

Charles J. Gibson, and one-fourth to the said Laura S. Richardson to have and to hold the same forever, excepting however that the share of the said Laura S. Richardson is subject to the same conditions and limitations as are provided in paragraph second of this will, and said residue and remainder unused by the said Laura S. Richardson at her decease to go first to her issue to have and to hold forever; second, if she should die without issue, then said unused remainder shall be divided *pro rata* between the surviving residuary legatees, the above and foregoing residuary devise and bequest is conditioned upon the said residuary legatees surviving me, and in the event of the decease of any of the said residuary legatees before the decease of myself then in that event the share of such legatee shall go to the said William H. Browne, if living, if not then to the surviving children of the said William H. Browne."

On December 29, 1914, the will was admitted to probate in the probate court for the county of Montcalm, and the plaintiffs qualified as executors. The inventory showed that the appraised value of the real and personal property within the State of Michigan amounted to $81,151.67, and that there was in addition real estate of the value of $5,000 located in Denver, Colorado, and real estate of the approximate value of $20,000 in the city of Chicago.

Petition having been filed for a partial distribution, an order was issued out of the probate court on March 31, 1915, authorizing the payment to the various beneficiaries entitled to the same of $40,000 of the estate. About three years later, and on the 28th day of September, 1918 (during which time plaintiffs had continued to manage the estate), the executors filed their so-called final account. It appears from the bill in this case that at that time there was left in the estate about $3,500 in cash and the properties in Denver and Chicago, and that the only specific bequest which had not been executed was a $500 trust fund,

which would have to be taken from the remaining money.

Before the date fixed by the probate judge for the hearing, however, a dispute arose between one of the executors, Mr. Browne (also a residuary legatee), and Charles J. Gibson and Laura S. Richardson over the construction of the will, the material disagreement involved relating to the character of the estate bequeathed and devised to the last-mentioned distributee under the paragraphs quoted above. Accordingly, the bill of complaint in this case was filed by the executors in the circuit court for the county of Montcalm, in chancery. The bill states that it was not the testator's intention to give Miss Richardson the fee in the property willed to her, but merely to vest in her a life estate with the right to the use of the property and the power of alienation annexed. There was a prayer for a construction of the will and that a trustee be appointed, if it was deemed advisable, to carry out the terms of the will, with the power to take over the remaining property and hold it for the heirs subject to the rights of Laura S. Richardson. On the day the bill was filed an order was entered by the circuit judge staying all further proceedings in the probate court.

Defendant Richardson answered, admitting that she has never had a child and that she is not married, but denying that her interest in the property was merely a life estate. She claimed that she was entitled to "the sole and absolute title in and to all the real estate and personal property devised and bequeathed to her, either specifically or as a residuary devisee or legatee under the will," and moved that the bill be dismissed for want of jurisdiction and because the matter was *res adjudicata.* There was also attached to the answer a motion to rescind and set aside the order staying the proceedings in the probate court. Both of these motions were denied.

The answer of defendants Gibson and Browne was in the nature of a cross-bill, and admitted the allegations in the bill of complaint and that plaintiffs were entitled to the relief prayed. In the cross-bill these defendants allege certain facts as against defendant Laura S. Richardson and prayed certain affirmative relief in respect thereto.

Upon the hearing of the cause on the merits, the court, after consideration of the evidence (which consisted mainly of records and documents from the probate court of Montcalm county), filed on January 31, 1920, a decree construing the will whereby the rights of the respective parties were determined as follows:

"(a) The said defendant Laura S. Richardson is not the owner in fee simple or absolutely of any of the property mentioned and described in the second paragraph of said will or in her share of the residue as devised or bequeathed in the ninth paragraph of said last will and testament of said deceased, but under the terms of the said last will and testament and in the provisions of the second and ninth paragraphs thereof particularly, the said defendant Laura S. Richardson is entitled to and holds only a life estate in each and all of the property whether real or personal, mentioned in said second and ninth paragraphs of said last will and testament, with a vested remainder in fee over to her issue, if any, and, if she should die without issue, then such remainder as should be unused by her shall be divided *pro rata* between the said defendants William H. Browne and Charles J. Gibson and their heirs and assigns; that under the terms of said last will and testament the said defendant Laura S. Richardson, when said estate is finally closed and is ready for final distribution, will be entitled to the possession of the property or portion thereof devised or bequeathed to her in and by the said second and ninth paragraphs of said last will and testament and the income and profits thereof during her natural lifetime with the right and power also to sell and dispose of the same and with the right also to appropriate the *corpus* or body of said estate to her own benefit, use,

comfort and enjoyment during her natural lifetime, but that in the exercise of her said right and authority to have possession of said property and to sell and dispose of the same and to convert the same to her own use, benefit and enjoyment, it is and shall be her duty to act in good faith in so doing toward the remainderman or remaindermen mentioned in said last will and testament; and that she has not the right or authority to waste, dissipate or squander said estate nor the right to give away said property or any part thereof, either by gift *inter vivos* or by testamentary disposition, nor in any other manner to defeat the purpose and intention of said testator, in respect to said remainderman or remaindermen mentioned in said will; and that if she exceeds the bonds of good faith in either or any of said matters, she shall be subject to being deprived of such possession and power of disposition or shall be required to give security for the preservation of the said estate; that said defendants William H. Browne and Charles J. Gibson are and shall be at liberty at any time to make application for an order depriving said defendant Laura S. Richardson of the possession of said property, the life use of which is devised and bequeathed to her by and under the terms of said last will and testament and of the power of selling and disposing thereof or requiring her to give security for the preservation of said estate; and that whether such relief shall be or shall not be granted will depend upon the showing that is made therefor upon the hearing of said application according to the course and practice of this court.

"(*b*) It is hereby ordered, adjudged and decreed that the provisions in said will as follows:

"'And I hereby authorize and empower my said executors and the survivors of them, to sell and convey any part of said estate, except such part as has been hereinbefore specifically devised or bequeathed, either at public or private sale, as fully and completely as I might or could.'

"shall not be construed to be limited, interfered with or modified in any way by the terms of this decree."

BROOKE, J. (*after stating the facts*).    It is the first

contention of the appellant that the bill of complaint should have been dismissed in the court below upon the ground that there is an adequate remedy at law and that the probate court had full and complete jurisdiction; and upon the further ground that the question involved is *res adjudicata* by reason of the order of the probate court (from which no appeal was taken) making a partial distribution of the estate. Inasmuch as the question is now before this court on appeal from a decree duly entered in the court below and as counsel for both parties have fully argued and briefed the controlling question—that of the construction of the language of the will—we are of the opinion that no good purpose would be served by delaying a determination of the basic question until it could be brought here on appeal from an order of the probate court making a final distribution of the estate.

The simple question involved is whether the language used in the will here under consideration brings it within that class of cases where the legatee and devisee has been held to take a fee or within that class where the legatee and devisee takes a life estate only. In the first class will be found the following: *Jones* v. *Jones,* 25 Mich. 401; *Smith* v. *Smith,* 71 Mich. 633; *Dills* v. *LaTour,* 136 Mich. 243; *Moran* v. *Moran,* 143 Mich. 322 (5 L. R. A. [N. S.] 323, 114 Am. St. Rep. 648); *Killefer* v. *Bassett,* 146 Mich. 1; *Turnbull* v. *Johnson,* 153 Mich. 228; *White* v. *Railway Co.,* 190 Mich. 1; *Crisp* v. *Anderson,* 204 Mich. 35; *In re Davis' Estate,* 205 Mich. 129. And in the second class we find *Glover* v. *Reid,* 80 Mich. 228; *Gadd* v. *Stoner,* 113 Mich. 689; *Jones* v. *Deming,* 91 Mich. 481; *Defreese* v. *Lake,* 109 Mich. 415 (32 L. R. A. 744, 63 Am. St. Rep. 584); *Hull* v. *Hull,* 122 Mich. 338; *In re Mallary's Estate,* 127 Mich. 119; *Heilwig* v. *Nybeck,* 179 Mich. 292; *Farlin* v. *Sanborn,* 161 Mich. 615 (137 Am. St. Rep. 525); *Laberteaux* v. *Gale,* 196 Mich. 150; *Drier*

v. *Gracey,* 203 Mich. 399; *Woolfitt* v. *Preston,* 203 Mich. 502; *Clark* v. *Mack,* 161 Mich. 545; *In re Moor's Estate,* 163 Mich. 353; *Bateman* v. *Case,* 170 Mich. 617; *Sellick* v. *Sellick,* 207 Mich. 194.

It was said in effect in *Gadd* v. *Stoner* and *Killefer* v. *Bassett, supra,* that the test to be applied is,

"Does the will give an unlimited or only a modified power of disposition in the first taker? If the former, it is treated as a conveyance in fee; if the latter, a life estate."

No service of value to the profession will be performed by a review of the cases cited. It seems to us sufficient to say that, applying the test just mentioned, the language of this will conveys to Laura Richardson an estate coupled with an unlimited power of disposition. The granting words of the will—"I give, devise and bequeath to Laura S. Richardson"—are entirely adequate to convey an estate in fee. They are qualified, if at all, by the following language:

"The said gifts, bequests and devises to be by the said Laura S. Richardson used, enjoyed and appropriated during her natural lifetime, with full and complete powers of alienation without limitation or restriction."

Giving the natural meaning to the words used in this excerpt from the will, it is seen that Laura S. Richardson may not only use and enjoy, but that she may *appropriate* the devised portion of the estate and that she had complete power of alienation "without limitation or restriction." Under all the authorities, we are disposed to the view that this language cannot be construed as limiting the estate in her theretofore created.

The subsequent portion of the will is an attempt "after making an absolute devise with full power of alienation and consumption  *  *  *  to control the disposition of such uncertain portion of the devised

estate as might remain after the death of the original devisee" (*In re Moor's Estate*, 163 Mich. 353), which we have held many times may not be done.   As was said in *Killefer* v. *Bassett, supra,* quoting from *Law* v. *Douglass,* 107 Iowa, 608 (78 N. W. 212):

"There are some things, however, which even a testator may not do, and which the courts are powerless to aid him in doing, however clearly his intentions may be expressed.   He cannot create a fee with absolute power of disposal, and at the same time clog that power of alienation by limitations over to another. In other words, he cannot include provisions which are absolutely inconsistent in terms and meaning and have all given force and effect."

We conclude that the decree of the court below must be reversed and one here entered by the terms of which Laura S. Richardson will take an estate in fee in that portion of the estate given and devised to her in the will.

STEERE, C. J., and MOORE, FELLOWS, STONE, and BIRD, JJ., concurred with BROOKE, J.

SHARPE, J.   I am unable to concur.   I think this case is controlled by *Robinson* v. *Finch,* 116 Mich. 182, and *Cary* v. *Toles,* 210 Mich. 30.

CLARK, J., concurred with SHARPE, J.